STATE of Missouri, Respondent,

v.

Michael ROUSE, Appellant.

Michael ROUSE, Appellant,

v.

STATE of Missouri, Respondent.

Nos. WD 44067, WD 47667.

Missouri Court of Appeals,
Western District.

Dec. 7, 1993.

Raymond L. Legg, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. Nixon, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

Before TURNAGE, C.J., and ULRICH and ELLIS, JJ.

TURNAGE, Chief Judge.

Michael Rouse was convicted by a jury of rape, § 566.030, RSMo 1986. The court followed the recommendation of the jury and imposed sentence at five years imprisonment.

Rouse contends the State failed to prove an essential element of the offense, and that there was a variance between the information and the proof. Rouse filed a motion under Rule 29.15 which the court dismissed without a hearing and without findings of fact. Rouse contends that the court erred in failing to make findings of fact. Affirmed in part; reversed and remanded in part.

Rouse was charged with the rape of the daughter of his live-in girlfriend. The original charge was filed by information in the Circuit Court of Macon County and alleged that the offense occurred in Macon County. Rouse took a change of venue and the case was transferred to Randolph County. Three days prior to trial, an amended information was filed alleging the same offense but which alleged that it occurred in Randolph County.

During the trial the State presented evidence that the offense occurred in Macon County. Rouse made no objection to the evidence concerning the location of the crime as Macon County. The verdict director referred to the crime as having occurred in Macon County.

Rouse does not challenge the sufficiency of the evidence concerning the commission of the crime but contends the evidence failed to prove an essential element of the crime i.e. that he was present in Randolph County at the time the crime was committed.

█ In *State v. Lingar*, 726 S.W.2d 728, 732[1, 2] (Mo. banc 1987), the Court held that the place, or venue, where a crime occurs is not an integral part of the offense. Thus, the fact that the State did not prove that Rouse was in Randolph County when the crime was committed does not constitute a failure to prove an essential element of the crime. The proof showed that the crime was committed in Macon County and that was the place referred to in the verdict directing instruction. The State did not fail to prove an essential element of the case when it proved that the offense was committed in Macon County even though the information alleged that it occurred in Randolph County.

In the alternative Rouse contends that there was a fatal variance between the information and the proof because of the allegation in the information that the crime occurred in Randolph County and the proof that it occurred in Macon County. In *State v. Lee*, 841 S.W.2d 648, 650[2, 3] (Mo. banc 1992), the Court held "A variance is prejudicial only if it affects the appellant's ability adequately to defend against the charges presented in the information and given to the jury in the instructions."

█ Rouse makes no attempt to demonstrate how he was prejudiced by the difference between the information which alleged Randolph County and the proof that the offense occurred in Macon County. Rouse knew that he was originally charged with committing the crime in Macon County and knew that he had taken a change of venue to Randolph County. He undoubtedly knew that the information was simply in error when it alleged that the crime occurred in Randolph County. Although he complains of the variance, he fails to allege or prove that the mistake in the information when it referred to Randolph County affected his ability to defend against the charge.

The judgment of conviction is affirmed.

█ Rouse filed a pro se motion pursuant to Rule 29.15 and upon appointment of counsel the motion was amended. The court dismissed the motion for failure to prosecute but failed to enter findings of fact or conclusions of law. The State admits that the trial court must make findings of fact and conclusions of law even when a motion is dismissed. Rule 29.15(i) requires the court to issue findings of fact and conclusions of law on all issues presented whether or not a hearing on the motion is held. In *Charles v. State*, 792 S.W.2d 59, 60[2] (Mo.App.1990), this court held that appellate courts will not supply necessary findings of fact by implication. This court's review of the denial of the motion under Rule 29.15 is limited to a determination of whether or not the findings of fact and conclusions of law of the trial court are clearly erroneous. Rule 29.15(j). Without findings of fact and conclusions of law entered by the trial court, there is nothing for this court to review.

The judgment dismissing the motion under Rule 29.15 is reversed and that cause is remanded to the trial court with directions to determine whether or not an evidentiary hearing should be held and to enter findings of fact and conclusions of law.

All concur.