Vernon STROUD, Appellant,

v.

STATE of Missouri, Respondent.

No. 73799.

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 6, 1998.

Nancy L. Vincent, Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Meghan J. Stephens, Jefferson City, for respondent.

MOONEY, Judge.

Vernon Stroud (Movant) appeals from the judgment of the motion court dismissing his Rule 29.15 motion without prejudice for failure to prosecute. We reverse and remand.

After trial, a jury convicted Movant of three counts of sodomy, section 566.060, RSMo 1986, and one count of first degree sexual abuse, section 566.100. Movant filed a notice of appeal, but his direct appeal was dismissed on September 1, 1994. Movant filed a motion to recall the mandate, which this court granted on May 23, 1996, reinstating Movant's direct appeal. This court affirmed Movant's conviction on direct appeal. *State v. Stroud*, 954 S.W.2d 30 (Mo.App. E.D.1997).

After his mandate was recalled, Movant filed a *pro se* Rule 29.15 motion on July 8, 1996. Movant included in his motion an *in forma pauperis* affidavit, swearing he was indigent. The court never appointed counsel to represent Movant. No further action was

ever taken until September 10, 1997, when the court entered a judgment of dismissal, ordering the case dismissed without prejudice for failure to prosecute. Movant appeals from this judgment. This court granted Movant leave to file his notice of appeal out of time.

On appeal, Movant contends the motion court clearly erred in dismissing his 29.15 motion without prejudice for failure to prosecute without appointing counsel to represent him as required by Rule 29.15(e)(1995).[1] The State agrees the case should be remanded for the appointment of post-conviction counsel.

As a preliminary matter, we must first address the question of whether this court has jurisdiction to consider this appeal. Movant appeals from a dismissal without prejudice. Generally, no appeal can be taken from a dismissal without prejudice. However, we may entertain Movant's motion because the court's action of dismissing the case effectively terminated Movant's litigation. *Nolan v. State*, 959 S.W.2d 939, 940 (Mo.App. E.D.1998).

Rule 29.15(e)(1995) provides: "When an indigent movant files a pro se motion, the court *shall* cause counsel to be appointed for the movant." (Emphasis added). Here, although Movant filed an affidavit of indigency, the court never appointed counsel to represent him. Furthermore, the court dismissed Movant's 29.15 motion without ever appointing counsel. The court's failure to appoint counsel before dismissing Movant's motion is clearly erroneous. *See, Fields v. State*, 572 S.W.2d 477, 483 (Mo. banc 1978); *State v. Wendleton*, 936 S.W.2d 120, 124 (Mo.App. S.D.1996).

The judgment dismissing Movant's 29.15 motion is reversed and the cause is remanded for appointment of counsel and for further proceedings under Rule 29.15.

SIMON, P.J., and CRANE, J., concur.

1. Movant was sentenced prior to January 1, 1996. Therefore, the 1995 version of Rule 29.15 is applicable to his case. *See,* Rule 29.15(m)(1998).