**Vernon STROUD, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 74120.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 23, 1999.

Nancy L. Vincent, District Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Linda Lemke, Asst. Attorney General, Jefferson City, for respondent.

Before: PAUL J. SIMON, P.J., and KATHIANNE KNAUP CRANE and LAWRENCE E. MOONEY, JJ.

## MEMORANDUM DECISION

PER CURIAM.

Movant Vernon Stroud was convicted in St. Charles County Circuit Court of three counts of sodomy and one count of first degree sexual abuse. Movant's conviction was affirmed on direct appeal in *State v. Stroud,* 954 S.W.2d 30 (Mo.App. E.D.1997). Movant also timely filed a Rule 29.15 motion, which the motion court dismissed for failure to prosecute. Recently, this Court reversed the motion court's action and remanded Movant's 29.15 motion for further proceedings. *Stroud v. State,* 978 S.W.2d 785 (Mo.App. E.D.1998). The motion is pending.

Subsequent to filing his 29.15 motion, Movant also filed a motion for post-conviction relief under section 547.360, RSMo Cum. Supp.1997, effective August 28, 1997. The motion court dismissed Movant's motion as successive to his previously filed Rule 29.15 motion. Movant appeals, arguing the motion court clearly erred in dismissing his motion because section 547.360 and Rule 29.15 provide separate viable options for seeking post-conviction relief.

The precise issue presented by Movant to this Court was recently decided by the Missouri Supreme Court in *Schleeper v. State,* 982 S.W.2d 252 (Mo. banc, 1998). The Court noted that Supreme Court rules concerning

procedural matters govern over statutes unless the General Assembly specifically annuls or amends the rule in a bill limited to that purpose. *Id.*, at 254–55. The Court determined that section 547.360 does not expressly refer to Rule 29.15 or provide that its purpose is to amend or annul the rule. *Id.*, at 254–55. Therefore, the Court concluded that section 547.360 did not provide a separate and independent avenue for post-conviction relief from Rule 29.15. *Id.*

In light of the Supreme Court's decision, the motion court did not clearly err in dismissing Movant's motion as successive to his Rule 29.15 motion. We deny Movant's point.

Judgment affirmed pursuant to Rule 84.16(b).