Gregory BREEDEN, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 56965.

Missouri Court of Appeals, Western District.

April 4, 2000.

Irene C. Karns, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Daniel W. Follett, Asst. Atty. Gen., Jefferson City, for respondent.

Before PATRICIA BRECKENRIDGE, C.J., JAMES M. SMART, Jr., Judge and JOSEPH M. ELLIS, Judge.

JOSEPH M. ELLIS, Judge.

Gregory Breeden was charged by information with the class D felony of passing a bad check over $150.00, § 570.120.[1] On

1. All statutory references are to RSMo Cumulative Supplement 1997 unless otherwise indicated.

April 20, 1995, Breeden was found guilty of the charge by a jury in Cole County, Missouri. He was also found to be a prior offender pursuant to § 558.016, and on June 2, 1995, he was sentenced to four and one-half years (54 months) in the Missouri Department of Corrections.

Breeden filed a *pro se* post-conviction relief motion pursuant to Rule 29.15 which was denied by the trial court judge. Breeden than appealed his conviction and the denial of his post-conviction motion and we affirmed both decisions. *State v. Breeden,* 943 S.W.2d 675 (Mo.App. W.D.1997). In December 1997, Breeden filed a motion for post-conviction relief in the Circuit Court of Cole County pursuant to § 547.360. The State filed responses asking the court to dismiss Breeden's motion and on January 29, 1999, the motion was dismissed. Breeden appeals the dismissal.

In his sole point on appeal, Breeden contends the motion court erred in dismissing his motion without making findings of fact and conclusions of law. In the same point relied on, he claims the motion court erred in failing to address his claims under Rules 29.07 and 91.06.

Breeden contends the motion court erred in entering its order dismissing his motion without making the appropriate findings of fact and conclusions of law. The motion court's Order and Judgment merely recites that the "[c]ourt takes up state's motion to dismiss. Case dismissed." The state had argued in its motion to dismiss that the motion was time barred and successive because of Breeden's prior Rule 29.15 motion. Breeden now asserts the motion court erred because § 547.360.10 requires that "[t]he court shall issue findings of fact and conclusions of law on all issues presented, whether or not a hearing is held."

■ Section 547.360 became effective August 28, 1997 and the language of the statute is almost identical to that of amended Supreme Court Rule 29.15.

*Schleeper v. State,* 982 S.W.2d 252, 253–54 (Mo. banc 1998); *Tyler v. State,* 994 S.W.2d 50, 51 (Mo.App. W.D.1999). Section 547.360 neither creates any new rights nor amends or annuls Rule 29.15; instead, it simply codifies the existing post-conviction procedures of Rules 29.15 and 24.035. *Schleeper,* 982 S.W.2d at 254; *Tyler,* 994 S.W.2d at 51. Because the statute is a codification of Rule 29.15, it did not intend to and in fact "did not create a second and independent avenue for post-conviction relief." *Schleeper,* 982 S.W.2d at 254; *see also Tyler,* 994 S.W.2d at 51; *Crandall v. State,* 992 S.W.2d 345, 346 (Mo.App. S.D. 1999); *Stroud v. State,* 989 S.W.2d 195, 196 (Mo.App. E.D.1999). "[I]f a previous post-conviction motion had been litigated, a valid post conviction motion could not proceed under the statute." *Crandall,* 992 S.W.2d at 346. Accordingly, any successive post-conviction motions are time barred by Rule 29.15. *Schleeper,* 982 S.W.2d at 254.

■ The issue here is whether the motion court sufficiently complied with § 547.360.10. Because § 547.360 is a codification of Rules 29.15 and 24.035, and its language is almost identical to that of Rule 29.15, the rules and interpretations governing Rules 29.15 and 24.035 will also apply to the interpretation of § 547.360. The plain language of the statute places a mandatory obligation on the courts to make findings of fact and conclusions of law. The cases teach that even where the trial court dismisses a Rule 29.15 motion, it must enter findings of fact and conclusions of law. *State v. Rouse,* 866 S.W.2d 179, 180 (Mo.App. W.D.1993); *see also State v. Gabbard,* 913 S.W.2d 362, 364–65 (Mo.App. E.D.1996). They do so on the basis that Rule 29.15(j) requires the trial court to "issue findings of fact and conclusions of law on all issues presented, whether or not a hearing is held," and that Rule 29.15(k) limits appellate review to a "determination of whether the findings and conclusions of the trial court are clearly erroneous."

These cases reason that if there are no findings and conclusions, there is nothing for the appellate court to review. *Rouse,* 866 S.W.2d at 180. Thus, it follows that the appellate courts will not supply findings or conclusions by implication from the motion court's ruling. *See Barry v. State,* 850 S.W.2d 348, 350 (Mo. banc 1993); *see also Charles v. State,* 792 S.W.2d 59, 60 (Mo.App. W.D.1990).

 Nonetheless, a trial court's failure to enter findings of fact or conclusions of law does not always require reversal and remand. *White v. State,* 939 S.W.2d 887, 903 (Mo. banc 1997). Findings of fact are not required where the only issue confronting the motion court is a question of law. *Id. See also Barry,* 850 S.W.2d at 350. Moreover:

> an appellate court will not order a useless remand to direct the motion court to enter a proper conclusion of law on an isolated issue overlooked by the motion court where it is clear that movant is entitled to no relief as a matter of law and will suffer no prejudice by being denied a remand.

*White,* 939 S.W.2d at 903. Where it is clear from the record that the motion court's action was correct, there is no need to remand the case for findings and conclusions. *Gilliland v. State,* 882 S.W.2d 322, 326 (Mo.App. S.D.1994); *State v. Brewster,* 836 S.W.2d 9, 14 (Mo.App. E.D.1992)(Motion court did not need to make findings of facts and conclusions of law in a Rule 29.15 motion because the issue before them was unsupported by substantive evidence at the hearing.)

As discussed earlier, it is well settled that § 547.360 does not create a second and independent avenue of relief. *Schleeper,* 982 S.W.2d at 254; *Tyler,* 994 S.W.2d at 51; *Crandall,* 992 S.W.2d at 346; *Stroud,* 989 S.W.2d at 196; *Murphy v. State,* 988 S.W.2d 654, 655 (Mo.App. E.D. 1999); *Breeden v. State,* 987 S.W.2d 15, 16 (Mo.App. W.D.1999). Breeden has previously filed a motion pursuant to Rule 29.15, which was denied by the trial court.

The denial was affirmed on appeal. *State v. Breeden,* 943 S.W.2d 675 (Mo.App. W.D. 1997). Since he has already litigated a post-conviction motion, Breeden's motion was not a valid post-conviction motion and could not proceed. *Crandall,* 992 S.W.2d at 346; *Schleeper,* 982 S.W.2d at 254. The trial court lacked jurisdiction to hear the motion and the only thing it could do was dismiss the motion. Both Rule 29.15(*l*) and § 547.360.12 declare that the court "shall not entertain successive motions." It is clear Breeden is not entitled to any relief as a matter of law and he will not be prejudiced if we deny a remand. *See White,* 939 S.W.2d at 903.

The judgment dismissing Breeden's motion is affirmed.

All concur.