Clay **BOYDSTON**, Appellant,

v.

**STATE of Missouri, Respondent.**

No. WD 57837.

Missouri Court of Appeals, Western District.

Sept. 19, 2000.

As Modified Sept. 28, 2000.

---

Rosemary E. Percival, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Linda Lemke, Asst. Atty. Gen., Jefferson City, for respondent.

Before HAROLD L. LOWENSTEIN, P.J., LAURA DENVIR STITH and THOMAS H. NEWTON, JJ.

THOMAS H. NEWTON, Judge.

Mr. Clay Boydston appeals the order dismissing his motion for postconviction relief. The issues raised concern the validity of the postconviction relief pleadings and the motion court's order under Rule 24.035.[1] We reverse and remand for further proceedings consistent with this opinion.

## Factual and Procedural Background

On June 19, 1995, Clay Boydston, pled guilty to one count of sexual abuse in the first degree, a class D felony, as defined in § 566.100, RSMo Supp.1993, in Cass County Circuit Court. He was sentenced to five years imprisonment, and the Honorable Mary Ellen Young suspended execution of the sentence and placed Mr. Boydston on probation for five years. On November 6, 1996, Judge Young found that Mr. Boydston violated the terms of his probation and executed the five-year prison sentence.

On January 3, 1997, Mr. Boydston filed a *pro se* motion for postconviction relief under Rule 24.035. On the same day, motion counsel for Mr. Boydston, filed an unverified pleading entitled "First Motion under Rule 24.035." Motion counsel failed to send to the prosecuting attorney's office a copy of the "First Motion" she filed on behalf of Mr. Boydston, and it did not contain a certificate of mailing verifying that one had been sent. In the motion, counsel alleged that Mr. Boydston did not enter his guilty plea voluntarily and knowingly, was denied the effective assistance of counsel at his probation revocation hear-

---

1. Although the State does not specify which rule applies, the State does argue that the "new rule" no longer requires verification. But our review is governed by the 1995 version of Rule 24.035. Mr. Boydston's sentencing was pronounced on June 19, 1995. Mr. Boydston's motion was filed on January 3, 1997. The revised versions after 1995, state that Rule 24.035(m) is effective only if sentencing was pronounced on or after January 1, 1996. "If sentence is pronounced prior to January 1, 1996, postconviction relief shall continue to be governed by the provisions of Rule 24.035 in effect on the date the motion was filed or December 31, 1995, whichever is earlier." Therefore, we will apply the 1995 version of the rule and all references to Rule 24.035 are to Missouri Court Rules (1995), unless otherwise indicated.

ing, and asked the court to set aside Mr. Boydston's conviction and sentence.

On August 24, 1999, the State filed a motion to dismiss for failure to prosecute. The State sent a copy of the motion to dismiss to motion counsel, who allegedly failed to notify Mr. Boydston that the motion to dismiss had been filed.

On September 2, 1999, the motion court granted the State's motion and dismissed Mr. Boydston's postconviction motion without a hearing and without issuing findings of fact and conclusions of law. This appeal followed.

Mr. Boydston timely submitted his appellate brief, which contained a letter from the Missouri Supreme Court Committee Overseeing Ethical Conduct as an appendix, admonishing Mr. Boydston's postconviction relief counsel's conduct on other related causes. The State moved to strike the appendix, and we granted the motion. Mr. Boydston then moved to reinstate the appendix. The Honorable Patricia Breckenridge, as Chief Judge of the Missouri Court of Appeals – Western District, recommended that the motion be taken with this case.

In Mr. Boydston's sole point on appeal he raises three sub-issues and contends that the trial court erred in dismissing his Rule 24.035 motion for postconviction relief based on lack of prosecution because (1) motion counsel abandoned him by failing to review the transcript of the guilty plea proceeding, failing to confer with him regarding his claim for relief, failing to set forth legally cognizable, factually supported claims for relief, failing to file a verified amended motion, and to protect Mr. Boydston's interests after the State filed its motion to dismiss; (2) the motion court had a responsibility to rule on the motions for relief that were filed; and (3) the motion court failed to give Mr. Boydston notice and an opportunity to be heard before the motion to dismiss was granted.

## Motion to Reinstate the Appendix to Appellant's Brief

We deny Mr. Boydston's motion to reinstate the appendix to his brief. It is moot because we conclude that the motion court did not consider the possibility of abandonment since it failed to issue findings of fact and conclusions of law to allow for sufficient appellate review.

## Legal Analysis

■ Mr. Boydston contends that his motion counsel failed to file an amended petition after he filed his *pro se* motion for postconviction relief in compliance with Rule 24.035(e), which states in pertinent part:

Counsel shall ascertain whether sufficient facts supporting the grounds are asserted in the motion and whether the movant has included all grounds known to him as a basis for attacking the judgment and sentence. If the motion does not assert sufficient facts or include all grounds known to the movant, counsel shall file an amended motion that sufficiently alleges the additional facts and grounds.

Mr. Boydston argues that motion counsel abandoned him by failing to take even the basic steps to investigate and advance his claims and protect his interests. But the State argues that Mr. Boydston was not abandoned, and the arguments made in support of the claim go only to the quality of the postconviction representation which is simply a claim of ineffective assistance of counsel and unreviewable. We will not address the merits of Mr. Boydston's claims but will address the procedural claims pertaining to verification of the motion and the failure of the motion court to issue findings of fact and conclusions of law under Rule 24.035 because they are dispositive of the case.

Mr. Boydston filed his *pro se* motion for postconviction relief and motion counsel filed a document entitled "First Motion Under Rule 24.035," on the same day and at the same time. In our review of the

record, it appears that the two motions were filed as separate documents. Although the section on movant's motion form that requires him to state all claims known to him for vacating, setting aside or correcting his conviction contains the phrase, "see attached," movant fails to include any attachments to his motion. At first glance it might appear that motion counsel intended the "First Motion" to be the attachment referenced in movant's motion, but a more thorough review of the record indicates that each motion was separately file stamped and motion counsel failed to incorporate by reference movant's motion. The docket sheet also contained two separate entries in reference to the two filings. The clerk indicates on the first entry that Mr. Boydston's attorney filed his *pro se* motion on January 3, 1997. The second entry also made on January 3, 1997, indicates that motion counsel filed a motion titled, "First Motion Under Rule 24.035." Therefore, we will consider the documents as two separate motions.

Since the *pro se* motion was docketed before motion counsel's "First Motion," we could consider it the amended motion to the original *pro se* motion. But the record is unclear as to what kind of motion counsel intended to file because nothing in it suggests that it was intended to amend Mr. Boydston's *pro se* motion. Regardless of what the pleading is labeled as, Rule 24.035(d) and (f) require that it be verified by the movant in order to ensure that all grounds known to him as a basis for attacking the judgment and sentence are contained within the motion. The "First Motion" filed by motion counsel failed to include Mr. Boydston's verification, as required by Rule 24.035(d) and (f). In order to properly verify the motion, movant is required to make a declaration of his oath or affirmation to a person authorized to administer oaths and affirmations, and that person must affix an acknowledgement declaring that the oath or affirmation was subscribed and sworn to in his or her presence. A notary public qualifies under §§ 442.150(1) and 442.155, RSMo 1994, but the statute also permits a "court having a seal, or some judge, justice or clerk thereof," to acknowledge the declaration.[2] Mr. Boydston did not sign the amended motion. Therefore, motion counsel's "First Motion" does not comply with the verification requirement in the rule because it does not contain the signature of the movant supported by an acknowledgement from a notary public, judge, court, justice or clerk of the court. Thus, under 24.035(d) and (f), the "First Motion" was not properly verified and is a nullity, leaving nothing for the motion court to review.[3]

■ Since motion counsel's motion was a nullity, it failed to invoke the jurisdiction of the court.[4] Movant's *pro se* motion, however, was timely filed and contained his signature which was sworn to by movant before a notary. Therefore, we must consider whether a properly verified *pro se* motion is sufficient to invoke jurisdiction even though it lacked his declaration that he stated all grounds for relief known to him waiving all grounds not listed as required under Rule 24.035(d). Our Supreme Court was faced with such an issue in *Bradley* and held that a timely filed *pro se* motion, which lacked the required declaration, was sufficient to invoke jurisdiction.[5]

In *Bradley*, the movant appealed the dismissal of his motion without an eviden-

**2.** *See also Crawford v. State,* 834 S.W.2d 749, 752 (Mo. banc 1992).

**3.** *State v. Bradley,* 811 S.W.2d 379, 383 (Mo. banc 1991) (*citing Malone v. State,* 798 S.W.2d 149, 151 (Mo. banc 1990); *Kilgore v. State,* 791 S.W.2d 393, 395 (Mo. banc 1990).

**4.** *Bradley,* 811 S.W.2d at 383. In *Bradley,* the movant appealed from a postconviction relief motion under Rule 29.15. Although Mr. Boydston is appealing from a postconviction relief motion under Rule 24.035, Rules 29.15(e) and 24.035(e) are identical.

**5.** 811 S.W.2d at 384.

tiary hearing.[6] Movant and appointed motion counsel filed a 29.15 motion on the same day, but motion counsel's motion did not contain the proper verification, which was held insufficient to invoke the jurisdiction of the court.[7] Motion counsel asked for an extension of time to file his amended motion but failed to file it.[8] Movant's *pro se* motion was subscribed to in the presence of a notary, but lacked his declaration listing all grounds for relief known to him and his acknowledgement of waiver of all unlisted grounds.[9] The court held that his *pro se* motion was sufficient to invoke the jurisdiction of the court for two reasons. First, the rule allows counsel to amend a *pro se* motion and allege additional grounds for relief, which were omitted in the *pro se* motion.[10] Second, the purpose of the declaration "is to assure finality of the adjudication in a single proceeding."[11] The purpose for the verification is "to discourage frivolous and unfounded allegations which must be addressed by trial courts already over burdened with a proliferation of post-conviction remedy motions."[12] The court reconciles these objectives by explaining that "no declaration by the movant is necessary in order to achieve the goal of finality. The goal of discouraging frivolous and unfounded allegations may only be attained by requiring the movant to swear to the truth of his averments under exposure to the penalties for perjury."[13] Thus, movant's *pro se* motion was sufficient to establish jurisdiction even though it lacked the declaration, and motion counsel should have supplied the required declaration in an amended motion subscribed and sworn by the movant.[14]

Besides the lack of verification, motion counsel was deficient in several ways. Motion counsel failed to: (1) state sufficient facts to warrant any postconviction relief; (2) request or review the transcript of the guilty plea proceedings; (3) send the State a copy of the "First Motion;" (4) file an amended motion to correct the verification defect in order to comply with the rule; (5) take action for more than two and one half years after filing the motion; (6) inform Mr. Boydston that the State filed a motion to dismiss; (7) refer to the *pro se* motion in the motion; and (8) state all grounds for relief known to movant. The State filed the motion to dismiss because motion counsel failed to notice up the motion, and two and one half years had passed since the motion was filed. Mr. Boydston was unaware of the State's motion to dismiss, and as a result, he was denied an opportunity to be heard to present his evidence on the issue of abandonment and ineffective assistance of counsel.

We are unable to determine whether the motion court considered any of the foregoing issues since the motion court failed to issue findings of fact and conclusions of law as required by Rule 24.035(i). The rule requires the court to issue findings of fact and conclusions of law on all issues presented, whether or not a hearing is held.[15] The motion court indicated on the docket sheet on September 2, 1999, "case dismissed for lack of prosecution." This entry is insufficient because it lacks sufficient specificity to allow for meaningful appellate review as to the reasons for its

6. *Id.* at 382.

7. *Id.* at 384.

8. *Id.* at 382.

9. *Id.* at 383.

10. *Bradley,* 811 S.W.2d at 383.

11. *Id.* at 383–84 (*citing Malone,* 798 S.W.2d at 151; *Fields v. State,* 572 S.W.2d 477, 483 (Mo. banc 1978)).

12. *Id.* at 383 (*quoting West v. State,* 787 S.W.2d 856, 857 (Mo.App. E.D.1990)) (citations omitted).

13. *Bradley,* 811 S.W.2d at 384.

14. *Id.*

15. *Rule 24.035(i); see also Tooley v. State,* 20 S.W.3d 519, 520 (Mo. banc 2000); *Barry v. State,* 850 S.W.2d 348, 349–50 (Mo. banc 1993).

ruling. Under Rule 24.035(j), we are limited to a determination of whether the motion court's findings were clearly erroneous. Since the motion court failed to make specific findings or legal conclusions, nothing is left for appellate review.[16]

In most cases, where the motion court has failed to include specific findings and conclusions we remand for entry of specific findings and conclusions, but our Supreme Court has established an exception to this general rule.[17] In the interest of judicial economy, we are not required to reverse and remand merely due to the lack of findings of fact and conclusions of law "where it is clear that movant is entitled to no relief as a matter of law and will suffer no prejudice by being denied a remand."[18] "Where it is clear from the record that the motion court's action was correct, there is no need to remand the case for findings and conclusions."[19] The exception does not apply in this case.

Mr. Boydston has been denied the opportunity to be heard on the issue regarding whether his motion counsel performed in compliance with Rule 24.035(e). This presents a factual issue and would be prejudicial to Mr. Boydston's disposition if he is denied the opportunity to present evidence on that issue. Although an inquiry must be made based on the allegation of noncompliance of Rule 24.035(e), it "may be as formal or informal as the motion court deems necessary to resolve the question of abandonment by counsel, including, but not limited to, a written response and opportunity to reply, a telephone conference call, or a hearing" as long as the record is sufficient.[20] If motion counsel failed to perform as required by the rule and movant was not responsible for the lack of performance, he is entitled to be appointed new counsel allowing time to amend the motion as permitted under Rule 24.035(f).[21]

Since motion counsel failed to include the required verification in the "First Motion," and the motion court failed to issue findings of fact and conclusions of law under Rule 24.035(i), we are unable to ascertain whether the motion court considered movant's claims.

### Conclusion

Because motion counsel failed to file an amended motion with the proper verification, and the motion court failed to issue findings of fact and conclusions of law in compliance with Rule 24.035(i), the judgment is reversed and the cause remanded for further proceedings. Accordingly, if the motion court finds motion counsel failed to comply with Rule 24.035(e), and abandoned Mr. Boydston, and if motion counsel's lack of performance was not due to any fault on the part of Mr. Boydston, the court shall appoint new counsel and allow counsel time to amend the *pro se* motion as permitted under Rule 24.035(f). This will allow Mr. Boydston time to comply with the verification requirement and ensure that all grounds for his postconviction relief are presented to the motion court.

LOWENSTEIN and LAURA DENVIR STITH, JJ., concur.

**16.** *Breeden v. State,* 15 S.W.3d 46, 49 (Mo. App. W.D.2000) (citations omitted).

**17.** *White v. State,* 939 S.W.2d 887, 903 (Mo. banc 1997), *cert. denied,* 522 U.S. 948, 118 S.Ct. 365, 139 L.Ed.2d 284 (1997)); *see also Breeden,* 15 S.W.3d at 49.

**18.** *Breeden,* 15 S.W.3d at 49 (*quoting White,* 939 S.W.2d at 903); *see also Barry,* 850 S.W.2d at 350.

**19.** *Id.* (*citing Gilliland v. State,* 882 S.W.2d 322, 326 (Mo.App. S.D.1994)); *State v. Brewster,* 836 S.W.2d 9, 14 (Mo.App. E.D.1992).

**20.** *Brown v. State,* 968 S.W.2d 725, 727 (Mo. App. E.D.1998) (*quoting McDaris v. State,* 843 S.W.2d 369, 374 n. 1 (Mo. banc 1992)).

**21.** *See Bradley,* 811 S.W.2d at 385; *Kaup v. State,* 812 S.W.2d 558, 559 (Mo.App. S.D. 1991); *Brown,* 968 S.W.2d at 727.