Jerry Lee MITCHELL, Appellant,

v.

STATE of Missouri, Respondent.

No. 23904.

Missouri Court of Appeals,
Southern District,
Division One.

July 16, 2001.

Craig A. Johnston, Asst. Public Defender, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen, Evan J. Buchheim, Asst. Atty. Gen, Jefferson City, for Respondent.

MONTGOMERY, Judge.

A jury convicted Jerry Lee Mitchell (Movant) of murder in the first degree. He was sentenced to life imprisonment without the possibility of parole. This Court affirmed the conviction in *State v. Mitchell,* 975 S.W.2d 191 (Mo.App.1998). The underlying facts of the case can be found therein.

On December 23, 1998, Movant's retained counsel filed a motion for postconviction relief under Rule 29.15.[1] Movant's retained counsel filed an amended motion on February 24, 1999. The motion included claims that Movant's due process rights were violated and that he received ineffective assistance of counsel.

Movant personally filed an affidavit with the circuit clerk on March 29, 1999, in support of his motion. His retained counsel filed a motion for summary judgment on September 27, 1999, requesting the court to enter a judgment in favor of Movant because the State had failed to respond to Movant's motion.

On July 7, 2000, the motion court sent a letter to Movant's retained counsel and the prosecutor. The letter indicated that due to lack of activity in the case, it would be dismissed for failure to prosecute on August 15, 2000, unless a written request for setting was received prior to that date.

---

1. Rule references to Missouri Court Rules (2000), unless otherwise indicated.

Neither party sought a trial setting and the motion court dismissed this case for failure to prosecute on August 28, 2000. The order of dismissal only stated "that this case is dismissed for failure to prosecute." The motion court entered no findings of facts or conclusions of law. This appeal followed.[2]

Rule 29.15(k) provides that our review "shall be limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." "The court's findings, conclusions and order are clearly erroneous only if a review of the entire record leaves the appellate court with a definite and firm impression that a mistake was made." *Ennis v. State*, 887 S.W.2d 771, 772 (Mo.App.1994).

The State concedes that Movant's third point is well taken.[3] That point alleges the motion court erred in failing to enter findings of fact and conclusions of law as required by Rule 29.15(j) which deprived him of the opportunity for meaningful appellate review.

Rule 29.15(j) provides that "[t]he court shall issue findings of fact and conclusions of law on all issues presented, whether or not a hearing is held." In *State v. Rouse*, 866 S.W.2d 179, 180 (Mo. App.1993), the motion court dismissed the Movant's Rule 29.15 motion for failure to prosecute after the appointment of counsel and the filing of an amended motion. The court did not enter findings of fact or conclusions of law. In *Rouse*, as in this case, the State conceded that the motion court "must make findings of fact and conclusions of law even when a [case] is dismissed." *Id.* The *Rouse* court stated that "Rule 29.15(i)[now Rule 29.15(j),] requires the court to issue findings of fact

and conclusions of law on all issues presented whether or not a hearing on the motion is held." *Id.* Because review is limited to a determination of whether or not the findings of fact and conclusions of law are clearly erroneous, an appellate court cannot provide meaningful review in the absence of such findings and conclusions. *Id.*

The State agrees with *Rouse*, conceding that the judgment must be reversed and the cause remanded for entry of findings of fact and conclusions of law. Therefore, the judgment dismissing the Rule 29.15 motion is reversed. The cause is remanded to the motion court with directions to determine whether or not an evidentiary hearing should be held and to enter findings of fact and conclusions of law in either instance. If the motion court determines that Movant is entitled to an evidentiary hearing, the court shall set a date for an evidentiary hearing and give reasonable notice to Movant and his counsel of the date and time thereof.

SHRUM, P.J., and BARNEY, C.J., concur.

---

2. Movant is represented on this appeal by an assistant state public defender.

3. In view of our disposition of this point, we need not address Movant's first two points.