

# In the
# Missouri Court of Appeals
## Western District

| | | |
|---|---|---|
| ANTHONY F. JOHNSON, | ) | |
| | ) | |
| Appellant, | ) | WD78143 |
| | ) | |
| v. | ) | OPINION FILED:  June 30, 2015 |
| | ) | |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent. | ) | |

**Appeal from the Circuit Court of Jackson County, Missouri**
The Honorable Joel P. Fahnestock, Judge

Before Division Two:  Lisa White Hardwick, Presiding Judge, Victor C. Howard, Judge
and Cynthia L. Martin, Judge

Anthony F. Johnson ("Johnson") appeals from the motion court's order denying his motion for post-conviction relief due to abandonment.  Johnson argues that the motion court failed to make findings of fact and conclusions of law in its order as required by Rule 29.15(j).  Johnson asserts that the motion court's failure to comply with the rule resulted in the denial and deprivation of his rights to due process, to a fair and adequate proceeding, and to equal protection.  We affirm.

## Factual and Procedural History[1]

In January 1990, Johnson was convicted by a jury of murder in the first degree, robbery in the first degree, kidnapping, and three counts of armed criminal action. While his appeal was pending, Johnson filed a timely *pro se* motion for post-conviction relief,[2] and his appointed counsel filed an amended Rule 29.15 motion. Both Johnson's *pro se* and amended motions asserted that he received ineffective assistance of trial counsel. Following an evidentiary hearing, the motion court issued a judgment denying Johnson's Rule 29.15 motion. Johnson appealed, and his post-conviction appeal was consolidated with his direct appeal. *See* Rule 29.15(l) (1990). We affirmed Johnson's conviction and the motion court's denial of his Rule 29.15 motion in a *per curiam* order. *See State v. Johnson*, 831 S.W.2d 675 (Mo. App. W.D. 1992).

Johnson filed a motion to reopen his post-conviction proceedings on the basis of abandonment by post-conviction counsel in September 2005 ("2005 Motion"). In particular, Johnson argued that he was abandoned by post-conviction counsel in that his counsel "fail[ed] to order and review [Johnson's] voir dire transcript to ascertain supporting facts or other errors within" and his counsel "fail[ed] to asset [sic] supporting facts to [Johnson's] claim concerning State's witness, Byron East's testimony." The motion court denied the 2005 Motion, concluding that Johnson was not abandoned by his post-conviction counsel. Johnson appealed, and we dismissed the appeal as untimely.

---

[1]We have compiled the factual and procedural history using the court file in *Johnson v. State*, No. WD76313.

[2]*See* Rule 29.15(b) (1990) (requiring the post-conviction motion be filed within thirty days of the filing of the transcript for the direct appeal).

2

Johnson filed a motion to vacate the motion court's denial of the 2005 Motion in 2008 ("2008 Motion"). In 2010, Johnson amended the 2008 Motion to include an abandonment claim ("2010 Amendment"). The 2010 Amendment asserted that Johnson was abandoned by his post-conviction counsel in that his post-conviction counsel filed an amended 29.15 motion that was identical to his *pro se* 29.15 motion and in that his post-conviction counsel filed an unverified amended motion. In denying the 2008 Motion and its 2010 Amendment, the motion court specifically concluded that Johnson was not abandoned by his post-conviction counsel. Johnson did not appeal.

In 2013, Johnson filed yet another motion asking the motion court "to conduct an inquiry hearing on [his] abandonment claim" ("2013 Motion"). The 2013 Motion alleged that Johnson's post-conviction counsel failed to order or review the voir dire transcript and failed to file a verified amended motion. The motion court concluded that the 2013 Motion was successive and therefore denied to entertain it pursuant to Rule 29.15(l). Johnson appealed the motion court's judgment, which we affirmed in a *per curiam* order. *See Johnson v. State*, 428 S.W.3d 691 (Mo. App. W.D. 2014).

On July 9, 2014, Johnson filed a motion for post-conviction relief due to abandonment ("2014 Motion"), which is the subject of this appeal. The 2014 Motion argued that Johnson was abandoned by his post-conviction counsel when she (1) filed an unverified amended motion; and (2) filed an amended motion that merely "re-instated or replicated [Johnson's] facially deficient pro se motions [sic]." The motion court entered an order denying the 2014 Motion without further explanation ("Order"). Johnson filed a Rule 78.07(c) motion asking the motion court to modify its Order to denominate it a

3

"judgment" and to include findings of fact and conclusions of law. The motion court denied Johnson's Rule 78.07(c) motion.

Johnson appeals.

## Analysis

Johnson argues that the motion court erred in denying his 2014 Motion without making findings of fact and conclusions of law. Johnson asserts that his 2014 Motion alleged facts supporting a valid claim of abandonment by post-conviction counsel. Johnson claims that by failing to issue findings of fact and conclusions of law, the motion court deprived him of his rights to due process, to a fair and adequate proceeding, and to equal protection.

Before considering the merits of Johnson's appeal, we must ascertain whether we have jurisdiction. *Sittner v. State*, 405 S.W.3d 635, 636 (Mo. App. E.D. 2013). Barring statutory exception, an appeal can only be taken from a final judgment. Section 512.020.[3] While Rule 74.01(a) provides that "[a] judgment is entered when a writing signed by the judge and denominated 'judgment' or 'decree' is filed," Rule 29.15(k) provides that "[a]n *order* sustaining or overruling a motion filed under the provisions of this Rule 29.15 shall be deemed a final judgment for purposes of appeal."[4] (Emphasis added.) Rule 29.15(a) resolves the apparent conflict between Rule 74.01(a) and Rule 29.15(k), as it provides that "[t]he procedure followed for motions filed pursuant to this Rule 29.15 is governed by the rules of civil procedure insofar as applicable."[5] Thus, an

---

[3]All statutory references are to RSMo 2000 as amended unless otherwise noted.
[4]*See also* Rule 24.035(k).
[5]*See also* Rule 24.035(a).

4

appeal can be taken from an order denying a Rule 24.035 or Rule 29.15 motion even though the order is not denominated a "judgment." *Sittner*, 405 S.W.3d at 636-37.

Motions claiming abandonment by post-conviction counsel are treated as requests for post-conviction relief pursuant to Rule 24.035 or Rule 29.15, as a claim of abandonment seeks untimely review of a post-conviction claim. *See Eastburn v. State*, 400 S.W.3d 770, 773 (Mo. banc 2013) (holding that motions to "re-open" post-conviction proceedings are effectively motions seeking post-conviction relief due to abandonment); *see also Price v. State*, 422 S.W.3d 292, 294 (Mo. banc 2014) (holding that review of a motion court's decision regarding an abandonment motion is governed by the standard set forth in Rule 29.15(k)).

The trial court's Order is thus reviewed employing the same standard of review as is applied when reviewing the grant or denial of a Rule 24.035 or Rule 29.15 motion. *Vogl v. State*, 437 S.W.3d 218, 224 (Mo. banc 2014) (applying the standard of review found in Rule 29.15(k) to an appeal from the denial of a motion claiming abandonment by post-conviction counsel); *Gehrke v. State*, 280 S.W.3d 54, 56-57 (Mo. banc 2009) (same). Our review of the denial of a motion claiming abandonment by post-conviction counsel is limited to a determination of whether the motion court's findings and conclusions are clearly erroneous. *Vogl*, 437 S.W.3d at 224.

Here, the Order contains no findings of fact or conclusions of law although Rule 29.15(j) requires a motion court to "issue findings of fact and conclusions of law on ***all issues presented***, whether or not a hearing is held." (Emphasis added.) As a general rule, we are unable to provide meaningful review of an order denying post-conviction relief

5

without findings of fact and conclusions of law, requiring reversal of the judgment and remand for the entry of findings and conclusions. *See, e.g.*, *Broom v. State*, 173 S.W.3d 681, 683 (Mo. App. W.D. 2005). In recognition of this general rule, Johnson asks that we reverse the Order and remand this matter for the entry of findings and conclusions.

Johnson's request ignores that Missouri courts have recognized exceptions to the general rule in at least six circumstances:

(1) "[Where] the only issue before the court is one of law, findings of fact are not required, if conclusions of law are made." *Gaddis v. State*, 121 S.W.3d 308, 312 (Mo. App. W.D. 2003) (citing *Barry v. State*, 850 S.W.2d 348, 350 (Mo. banc 1993)).

(2) "Where the motion court conducted a hearing on a post-conviction motion and no substantial evidence was presented to support the allegation upon which the court failed to make findings." *Id.* (citing *Barry*, 850 S.W.2d at 350).

(3) Where "'the court failed to issue a proper conclusion of law on an isolated issue and it is clear that the movant is entitled to no relief, as a matter of law, and will suffer no prejudice if a remand is denied.'" *Hollingshead v. State*, 324 S.W.3d 779, 782 (Mo. App. W.D. 2010) (quoting *Gaddis*, 121 S.W.3d at 313).

(4) Where there were issues "'that were not properly raised or are not cognizable in a post-conviction motion.'" *Id.* (quoting *Gaddis*, 121 S.W.3d at 313).

(5) Where "'the motion itself was insufficient.'" *Id.* (quoting *Gaddis*, 121 S.W.3d at 313).

(6) Where a post-conviction movant fails to file a Rule 78.07(c) motion to amend the judgment drawing the absence of required findings of fact or conclusions of law to the motion court's attention. *Johnson v. State*, 388 S.W.3d 159, 168 (Mo. banc 2012); *Gerlt v. State*, 339 S.W.3d 578, 584-85 (Mo. App. W.D. 2011).

Five of these exceptions are inapplicable. The Order does not contain any conclusions of law, so the first exception does not apply. The Order was not entered after a hearing, so

the second exception does not apply. The Order did not make findings and conclusions with respect to most issues while neglecting to do so with respect to an isolated issue, so the third exception does not apply. A motion claiming abandonment by post-conviction counsel is cognizable under Rule 29.15, so the fourth exception does not apply. And Johnson filed a Rule 78.07(c) motion asking the trial court to making findings and conclusions as required by Rule 29.15(j), so the sixth exception does not apply.

The fifth exception is applicable, however. Rule 29.15(l) provides that "[t]he [motion] court ***shall not entertain successive motions***." (Emphasis added); *see also* section 547.360.12 (codifying the same). Johnson's 2014 Motion represented the fourth abandonment motion filed by Johnson, and the third abandonment motion premised on a claim that post-conviction filed an unverified amended Rule 29.15 motion that merely replicated Johnson's *pro se* Rule 29.15 motion. Relief was denied on each of the prior occasions, and subsequent appeals were dismissed as untimely, not taken at all, or rejected on the merits. The 2014 Motion was plainly a successive motion, rendering it legally insufficient pursuant to Rule 29.15(l). As a result, the motion court had no authority to consider the 2014 Motion.

We considered similar circumstances in *Breeden v. State*, 15 S.W.3d 46 (Mo. App. W.D. 2000). Years after a motion court denied a Rule 29.15 motion, the movant filed a second post-conviction motion. *Id.* at 48. The motion court dismissed the second post-conviction motion without making findings and conclusions. *Id.* The movant argued on appeal that the failure to make findings and conclusions constituted error. *Id.* We acknowledged that ordinarily reversal and remand for entry of findings of fact and

7

conclusions of law is necessary but concluded that, because the movant's motion was successive and therefore "not a valid post-conviction motion" pursuant to Rule 29.15(l), reversal and remand were not required. *Id.* at 49.

Johnson's successive 2014 Motion is indistinguishable from the successive post-conviction motion in *Breeden*. Because the 2014 Motion was a legally insufficient successive motion, Johnson's point on appeal is denied.[6]

## Conclusion

We affirm the motion court's Order.

_____
Cynthia L. Martin, Judge

All concur

---

[6]Though not required, it would be advisable for a motion court faced with a legally insufficient successive post-conviction motion to state in an order denying same that the motion is "denied because it is a successive motion pursuant to Rule 29.15(l)."