

# In the Missouri Court of Appeals Eastern District

## DIVISION TWO

| | | |
|---|---|---|
| RICHARD A. WILLIAMS, | ) | No. ED107878 |
| | ) | |
| Appellant, | ) | |
| | ) | Appeal from the Circuit Court of |
| | ) | St. Charles County |
| v. | ) | 1511-CC00484 |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Deborah J. Alessi |
| | ) | |
| Respondent. | ) | Filed: May 19, 2020 |

## OPINION

Richard A. Williams ("Movant") appeals the motion court's judgment denying his motion for post-conviction relief pursuant to Rule 29.15.[1] We affirm in part, and reverse and remand in part.

## BACKGROUND

Movant was convicted of two counts of statutory sodomy in the first degree, one count of child molestation in the first degree, one count of sexual misconduct with a person under age fifteen, and one count of endangering the welfare of a child in the first degree. On direct appeal, this Court affirmed Movant's convictions and sentences in *State v. Williams*, 456 S.W.3d 60 (Mo. App. E.D. 2014). On June 3, 2015, Movant timely filed his 29.15 *pro se* motion for

---

[1] All references to Rules are to Missouri Supreme Court Rules (2015).

postconviction relief. On June 25, 2015, the motion court appointed the Public Defender's Office to represent Movant. Maleaner Harvey ("Harvey") entered her appearance on July 2, 2015 and filed a request for a 30-day extension of time to file the amended motion. On July 10, 2015, public defender Timothy Forneris ("Forneris") also entered his appearance and requested a 30day extension of time to file the amended motion. The motion court did not rule on either request for an extension of time.

Thereafter, Movant retained the firm Rosenblum, Schwartz, Rogers, & Glass, P.C. to represent him for his post-conviction proceeding. On July 21, 2015, Hannah Zhao ("Zhao"), entered her appearance. Subsequently, both Harvey and Forneris moved to withdraw. On August 25, 2015, Zhao filed a motion for extension of time to file the amended motion. In her motion, Zhao acknowledged the amended motion was due the previous day on August 24, 2015; however, she requested an additional 30 days to file the amended motion "to review the transcripts and record, to consult with [M]ovant, to investigate grounds for relief, and to allege any additional grounds which may have been omitted by Movant in the *pro se* motion." On September 11, 2015, N. Scott Rosenblum ("Rosenblum") also entered his appearance. The same day, the motion court granted both appointed counsel's motions to withdraw because Movant had retained private counsel. An amended motion was never filed by either appointed or retained counsel. On January 26, 2016, Zhao and Rosenblum jointly moved to withdraw and attached exhibits demonstrating the firm had refunded the $5,000 it was paid to represent Movant, which the trial court granted the next day.

On March 19, 2017, the State filed a motion to determine if Movant was abandoned by counsel due to the failure of any attorney to timely file an amended motion. On March 29, 2017, Forneris filed an affidavit stating he filed his motion to withdraw because private counsel had entered an appearance and his motion was granted on September 11, 2015. He further stated that

2

because the amended motion was due on August 24, 2015, he had abandoned Movant and the failure to timely file an amended motion was his fault. On April 3, 2017, the motion court entered an order finding that Forneris, Harvey, and Zhao had all abandoned Movant and reappointed the Public Defender's Office to represent Movant.

On May 2, 2017, public defender Stephen M. Murrell ("Murrell"), entered his appearance and requested 30 additional days to file an amended motion, which was granted. Murrell filed an untimely amended motion on November 28, 2017, along with a motion to consider the amended motion timely due to abandonment.

On January 18, 2018, the motion court held a hearing and found that *Gittemeier v. State*, 527 S.W.3d 64 (Mo. banc 2017) and *Cornelious v. State*, 526 S.W.3d 161 (Mo. App. W.D. 2017) applied and the first amended motion was untimely. The motion court also set aside its previous order finding Movant had been abandoned, and set the case for an evidentiary hearing on Movant's *pro se* motion on May 11, 2018. Murrell failed to appear for the evidentiary hearing and the court dismissed Movant's case for failure to prosecute.

This appeal follows.

## DISCUSSION

Movant asserts four points on appeal. In his first point, Movant argues the motion court clearly erred in setting aside its order from April 3, 2017, stating he had been abandoned because the record demonstrated that appointed counsel, Harvey and Forneris, were still entered in the case when the amended motion was due and failed to either file an amended motion or a statement in lieu of such motion. In point two, Movant alleges the motion court clearly erred in dismissing Movant's motion for failure to prosecute without conducting an abandonment hearing because appointed counsel's failure to timely file an amended motion required the motion court to conduct an abandonment inquiry. Point three argues the motion court clearly erred in

3

dismissing Movant's motion for post-conviction relief for failure to prosecute without making findings of fact and conclusions of law on Movant's *pro se* claims as required by Rule 29.15 and, as a result, denied Movant the opportunity for meaningful appellate review. Finally, in point four, Movant contends the motion court clearly erred in dismissing his motion for failure to prosecute because the dismissal denied Movant his right to seek post-conviction relief under Rule 29.15.

## Standard of Review

Our review of a judgment entered on a Rule 29.15 post-conviction motion is limited to "whether the motion court's findings of fact and conclusions of law are clearly erroneous." *Price v. State*, 422 S.W.3d 292, 294 (Mo. banc 2014) (quoting *Moore v. State*, 328 S.W.3d 700, 702 (Mo. banc 2010)). We also review a trial court's determination of whether a Movant has been abandoned for clear error. *Eckert v. State*, 591 S.W.3d 903, 906 (Mo. App. W.D. 2019). The motion court's findings and conclusions are clearly erroneous if, after a review of the entire record, we are left with the definite and firm impression that a mistake has been made. *Price*, 422 S.W.3d at 294.

## Point One

In point one, Movant claims the motion court clearly erred in setting aside its April 3, 2017 order, which stated he had been abandoned by Forneris, Harvey, and Zhao. Specifically, Movant argues he was abandoned by both appointed counsel, Harvey and Forneris, because they were still entered in the case when the amended motion was due and neither filed an amended motion or a statement in lieu of such motion.

Both appointed counsel moved to withdraw as soon as retained counsel entered her appearance; however, the motion court did not issue a ruling on those motions until after due date of the amended motion had passed. In support of his first point, Movant argues the

4

abandonment doctrine applies, despite retaining private counsel, because appointed counsel was still entered in the case at the time his amended motion was due. Movant's argument directs this court to disregard the fact he had retained counsel. Instead, he argues the record reflects both Harvey and Forneris were still appointed to represent him, and, as a result, they had a duty to file the amended petition.

"A post-conviction movant has no constitutional right to counsel." *Williams v. State*, 494 S.W.3d 638, 641 (Mo. App. W.D. 2016). However, the Supreme Court of Missouri elected to create a limited right to counsel for indigent movants in connection with Rule 24.035 or Rule 29.15 *pro se* motions. *Id.*; *Cornelious,* 526 S.W.3d at 165. It is clear that the right to counsel created by Rule 29.15(e) is conditioned on indigency. *Williams*, 494 S.W.3d at 641. Section 600.044, RSMo 2016[2] provides that appointed counsel

> who undertakes to represent an *eligible* person shall continue to do so at every stage of the case or proceeding, including the filing of a motion for new trial and the processing, briefing, and argument of an appeal, until the defender is relieved of his duties by the director or is permitted by a court to withdraw. (emphasis added).

A movant is considered eligible for representation "when it appears from all the circumstances of the case including his ability to make bond, his income and the number of persons dependent on him for support that the person does not have the means at his disposal or available to him to obtain counsel in his behalf. . . ." Section 600.086.1; *see also* Section 600.011(10) ("[A] person who falls within the financial rules for legal representation at public expense prescribed by section 600.086.").

Once appointed counsel has entered his or her appearance, she or he has the duty to provide a movant with the representation required by Rule 29.15, including filing an amended motion if the *pro se* motion does not assert sufficient facts or include all known claims, or file a

---

[2] All further statutory references are to RSMo (2016).

5

statement in lieu of an amended motion setting out facts demonstrating counsel's actions to ensure an amended motion is not needed. *Moore v. State*, 458 S.W.3d 822, 825 (Mo. banc 2015); Rule 29.15(e).

Moreover, the abandonment doctrine provides that if counsel abandons a post-conviction movant by failing to timely file an amended motion for post-conviction relief, the failure to timely file will be excused. *Gittemeier,* 527 S.W.3d at 69. In light of its origins and the limited purpose it was created to serve, the abandonment doctrine applies only to cases involving appointed post-conviction counsel and thus cannot excuse retained counsel's untimely amended motion. *Id.* at 71.

We reiterate that the post-conviction rules created a limited right to appointed counsel for indigent movants. Here, Movant took all steps to forgo such representation by appointed counsel, and retained his own private counsel. Immediately after Zhao entered her appearance on behalf of Movant, both appointed counsel properly filed their respective motions to withdraw because her entry effectively rendered Movant ineligible for appointed counsel. Zhao assumed responsibility of the case and requested an extension to file an amended motion. Rosenblum also entered his appearance on behalf of Movant shortly afterwards. Accepting Movant's argument would frustrate the purpose, and limited application, of the abandonment doctrine. Movant would not only benefit from appointed counsel *i.e.* abandonment doctrine protection, while having the means to be represented by private counsel. Both the public defender's office and retained counsel would be required to prepare and file competing amended motions by the initial 60-day deadline of August 24, 2015, which would result in a waste of precious public defender resources. As such, under the circumstances, we find that retained counsel represented Movant

and not appointed counsel.[3]  Therefore, the motion court did not err in finding Movant was not abandoned because it was retained counsel who failed to timely file an amended motion and thus, the doctrine of abandonment does not apply.  *See Gittemeier,* 527 S.W.3d at 71.

Even if the the doctrine of abandonment applied, Movant is entitled to relief only when he "is free of responsibility for the failure to comply with the requirements of [Rule 29.15]." *Sanders v. State*, 807 S.W.2d 493, 495 (Mo. banc 1991).  Here, Movant elected to exercise his constitutional right to representation by counsel of his choice and, retained private counsel. Upon her entry of appearance, both appointed counsel properly sought to withdraw.  Even though Movant was entitled to retain counsel for the purpose of filing the amended motion, "by doing so, he took the same risk that every other civil litigant takes when retaining counsel, i.e., he chose to substitute counsel's performance for his own and bound himself to the former as though it were the latter."  *Price,* 422 S.W.3d at 302.  As a result, any failure to file the amended post-conviction motion was due to Movant's actions in seeking and retaining counsel and forgoing the representation of appointed counsel.  Thus, Movant was not abandoned by appointed counsel and the motion court only had an obligation to adjudicate Movant's initial *pro se* motion.  *Lampkin v. State*, 560 S.W.3d 67, 70 (Mo. App. E.D. 2018) (finding that when a movant is not abandoned by post-conviction counsel, the motion court should adjudicate only the movant's initial *pro se* post-conviction motion).  Point one is denied.

---

[3] We note retained counsel filed an untimely motion for an extension to file an amended motion on August, 25, 2015 as it was filed the day after the initial deadline to file an amended motion.  *See Edwards v. State*, 514 S.W.3d 68, 70 (Mo. App. E.D. 2017) ("A court may extend the 60–day deadline only one time, by no more than 30 days, if a *timely* motion for extension of time is filed and granted.") (emphasis added).

*Point Two*

In point two, Movant alleges the trial court erred in dismissing Movant's motion for postconviction relief for failure to prosecute without conducting an abandonment hearing. Specifically, Movant argues that Murrell's failure to timely file an amended motion required the motion court to conduct an inquiry into abandonment.

"The time limits for filing a post-conviction motion are mandatory." *Stanley v. State*, 420 S.W.3d 532, 540 (Mo. banc 2014). The earlier of the date of first appointment or entry of appearance continues to control the time limit for filing an amended motion, regardless of whether counsel withdraws and a new attorney is allowed to enter his or her appearance on behalf of a movant. *Gittemeier,* 527 S.W.3d at 68. A motion court has no authority to extend this time limit for filing an amended motion, unless the movant is able to satisfy one of the narrow exceptions, which includes a finding that movant was abandoned by appointed counsel. *Stanley,* 420 S.W.3d at 541–42.

Here, counsel was first appointed on June 25, 2015, thus the initial 60-day deadline for filing the amended post-conviction motion was August 24, 2015. Both appointed counsel requested a thirty-day extension, as permitted by Rule 29.15(g); however, the requests were never ruled on by the motion court. We will not presume extensions to have been granted without a record thereof. *Eckert*, 591 S.W.3d at 906. Consequently, Movant's amended motion was due before appointed counsel Murrell ever entered his appearance. *See Stanley*, 420 S.W.3d at 540. Moreover, as discussed above, the narrow exception of abandonment does not apply as Movant failed to demonstrate that he was abandoned by either of his initial appointed counsel because he had retained private counsel. Therefore, no inquiry into abandonment stemming from Murrell's failure to file a timely amended motion was required. Point two is denied.

8

*Points Three*

In point three, the motion court clearly erred in dismissing Movant's motion for postconviction relief for failure to prosecute without issuing findings of facts and conclusions of law, thus denying Movant the opportunity for meaningful appellate review.

The record demonstrates the motion court set aside its order dated April 3, 2017, and set an evidentiary hearing on Movant's *pro se* claims. Movant's appointed counsel, Murrell, failed to appear at the scheduled evidentiary hearing. Thus, the motion court entered an order dismissing the case for failure to prosecute.

Rule 29.15(j) requires that the motion court issue findings of fact and conclusions of law on all issues presented, whether or not a hearing is held. This is not simply a formality, but it is required for meaningful appellate review. *Teer v. State*, 50 S.W.3d 284, 285 (Mo. App. E.D. 2001). The motion court "must make findings of fact and conclusions of law even when a [Rule 29.15] motion is dismissed." *State v. Rouse*, 866 S.W.2d 179, 180 (Mo. App. W.D. 1993); *see also Breeden v. State*, 15 S.W.3d 46, 48 (Mo. App. W.D. 2000).

Because our review is limited to a determination of whether or not the findings of fact and conclusions of law are clearly erroneous, we cannot provide meaningful review in the absence of such findings and conclusions. *See Mitchell v. State*, 50 S.W.3d 342, 343 (Mo. App. S.D. 2001). Therefore, the judgment dismissing Movant's motion is reversed. The cause is remanded to the motion court with directions to enter findings of fact and conclusions of law and for further proceedings consistent with this Opinion. Point three is granted.

*Point Four*

In point four, Movant argues the motion court clearly erred in dismissing Movant's motion for post-conviction relief for failure to prosecute.  Because we reverse and remand on the grounds stated in point three, we do not address Movant's point four.

**CONCLUSION**

Based on the foregoing, we affirm in part, and reverse and remand in part, with directions for the motion court to enter findings of fact and conclusions of law and for further proceedings consistent with this Opinion.

_____

Lisa P. Page, Judge



Philip M. Hess, P.J. and
Kurt S. Odenwald, J., concur.