

# In the
# Missouri Court of Appeals
## Western District

| | | |
|---|---|---|
| **DONALD NASH,** | ) | |
| | ) | |
| **Appellant,** | ) | **WD74526** |
| | ) | |
| **v.** | ) | **OPINION FILED:** |
| | ) | **September 27, 2016** |
| **STATE OF MISSOURI,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**Appeal from the Circuit Court of Jackson County, Missouri**
The Honorable David M. Byrn, Judge

Before Division Two: Karen King Mitchell, Presiding Judge, Cynthia L. Martin, Judge
and Gary D. Witt, Judge

Donald B. Nash ("Nash") appeals from the motion court's August 22, 2011 denial of his motion to reopen post-conviction proceedings due to abandonment and invalid waiver. We affirm.

## Factual and Procedural History

Nash was convicted in Jackson County, Missouri in two different cases. In Case Number CR81-2901, Nash was convicted in January 1982 of first-degree robbery and kidnapping, and was sentenced respectively to 25 years and 15 years imprisonment, with

the sentences to run consecutively to one another, and consecutively to another sentence Nash was serving for rape and burglary in an unrelated case. Nash's convictions were affirmed on appeal. *State v. Nash*, 648 S.W.2d 911 (Mo. App. W.D. 1983). In Case Number CR81-2905, Nash was convicted in June 1982 of rape, attempted rape, and sodomy, and was sentenced respectively to 50 years, 40 years, and 50 years imprisonment, with the sentences to run concurrently, but consecutively to the sentences imposed in Nash's two previous cases. Nash's convictions were affirmed on appeal. *State v. Nash*, 659 S.W.2d 795 (Mo. App. W.D. 1983).

In January 1985, Nash filed a Rule 27.26[1] motion in connection with his convictions in Case Number CR81-2901. The motion was assigned Case Number CV85-1458. He alleged ineffective assistance of counsel for four different reasons, and a fifth claim that his sentence was unconstitutional. Appointed counsel filed an affidavit explaining that no amended motion would be filed, in part because of Nash's lack of cooperation, and that Nash had been so advised.

In February 1985, Nash filed a Rule 27.26 motion in connection with his convictions in Case Number CR81-2905. The motion was assigned Case Number CV85-3649. He alleged ten *pro se* claims. Appointed counsel filed an amended motion which added an eleventh claim.

On September 3, 1987, Nash and his appointed counsel signed a Voluntary Dismissal of both of Nash's Rule 27.26 cases. Nash's signature appears in cursive on the

---

[1]Rule 27.26 was the precursor to Rule 29.15, addressing post-conviction remedies following conviction of a felony after trial. All references to Rule 27.26 are to the 1985 version of the rule, as it was in effect at the time Nash filed his Rule 27.26 motions for post-conviction relief.

pleading. Nash was present in court on the day the pleading was signed and filed, which was also the date that had been set for an evidentiary hearing in the Rule 27.26 cases. The Voluntary Dismissal provided, in pertinent part, that Nash:

> hereby dismisses his motions to vacate judgment and sentence pursuant to Rule 27.26 filed in this Circuit Court on January 24, 1985 and February 16, 1985 respectively. The movant verifies that he has been advised by undersigned counsel, and understands, that the granting of this dismissal by the Court will be with prejudice and that the movant will not be able to file similar motions in the future asserting claims which were or could have been raised in the present motions.

The motion court dismissed Nash's Rule 27.26 motions with prejudice on September 14, 1987.

In June 1988, Nash filed a *pro se* Rule 29.15 motion which was assigned Case Number CV88-16429.[2] Nash's *pro se* Rule 29.15 motion argued that his trial counsel was ineffective and that his trial counsel had a conflict of interest. In addition, Nash's *pro se* Rule 29.15 motion asserted that his appointed counsel for both of his Rule 27.26 cases coerced Nash into signing the Voluntary Dismissal. Counsel was appointed to represent Nash. In March 1989, Nash filed a *pro se* amended motion adding an additional claim for ineffective assistance of trial counsel. Also in March 1989, appointed counsel filed an amended Rule 29.15 motion that incorporated all of Nash's allegations in his previous *pro se* motions. The amended Rule 29.15 motion also alleged that Nash received ineffective assistance of counsel in that his previously appointed post-conviction counsel "did not adequately explain to [Nash] that the effect of his voluntary dismissal of his 27.26 motions

---

[2]We have compiled the procedural history as to Nash's 1988 Rule 29.15 motion using the court file in *Nash v. State*, No. WD42013.

would be to preclude him from raising any issues in future 27.26 motions that were or could have been raised in his Causes No. CV85-1458 and CV85-3649." Thus, the amended motion argued, the Voluntary Dismissal was not knowingly and intelligently made by Nash.

On April 26, 1989, the motion court entered an order dismissing Nash's motion, including all amendments thereto. The motion court held that Nash "has previously presented motions concerning the convictions *sub judice* pursuant to prior Rule 27.26." The order cited to Rule 29.15(k) which, in 1989, prohibited the motion court from entertaining successive post-conviction motions.[3] Nash appealed, arguing that the motion court erred in dismissing his Rule 29.15 motion as successive because the dismissal of his Rule 27.26 motions was not knowing and intelligent in that his post-conviction counsel failed to explain fully the consequences of his decision to dismiss his Rule 27.26 motions. We affirmed the motion court's dismissal in a *per curiam* order with accompanying memorandum. *See Nash v. State*, 782 S.W.2d 693 (Mo. App. W.D. 1989).

In May 2011, Nash filed a motion to reopen in both of his post-conviction cases, alleging abandonment by post-conviction counsel and invalid waiver. The motions were assigned Case Numbers 16CV85-01458 and 16CV85-03649, corresponding with the Case Numbers assigned to Nash's initial Rule 27.26 motions. Nash alleged that the dismissals of his Rule 27.26 motions had not been knowing and voluntary, and that appointed counsel

---

[3]Rule 29.15(l) is the current provision that prohibits the motion court from entertaining successive post-conviction motions.

abandoned Nash in that he violated his duty to file amended motions in both of the Rule 27.26 cases.

On August 22, 2011, the motion court entered orders in both cases that denied Nash's motions to reopen the Rule 27.26 cases. The orders held that "it is without jurisdiction to address [Nash's] claim regarding the validity of the dismissal of the underlying action." The orders made no other findings of fact or conclusions of law.

Nash appealed. His appeal was dismissed in January 2012 for want of a final judgment, as the motion court's order was not denominated a judgment as required by Rule 74.01(a). On January 12, 2016, this court entered its order granting Nash's motion to recall our mandate, given intervening decisions recognizing that an order denying a post-conviction motion filed pursuant to either Rule 24.035 or Rule 29.15 need not be denominated a judgment in order to be eligible for appeal.[4] Our order resurrected Nash's appeal.

## Analysis

Nash raises four points on appeal. The first point alleges error in denying Nash's motion to reopen because post-conviction counsel abandoned Nash by filing an unverified amended petition in one of Nash's Rule 27.26 cases, and by failing to communicate with Nash in the other. The second point alleges error in denying Nash's motion to reopen because post-conviction counsel improperly advised Nash to dismiss his Rule 27.26 motions with prejudice. The third point alleges error because the motion court had

---

[4]*See, e.g.*, *Sittner v. State*, 405 S.W.3d 635, 636-37 (Mo. App. E.D. 2013).

5

jurisdiction to entertain the motion to reopen pursuant to Article V, section 14(a) of the Missouri Constitution. The fourth point alleges error because the motion court denied his motion to reopen without issuing findings of fact and conclusions of law as required by Rule 27.26(i).

Nash appeals from the motion court's dismissal of his 2011 motions to reopen his 1985 post-conviction proceedings. Motions to reopen post-conviction proceedings are treated as requests for post-conviction relief pursuant to Rule 29.15. *Eastburn v. State*, 400 S.W.3d 770, 773 (Mo. banc 2013). Our review of the motion court's denial of a motion to reopen post-conviction proceedings is limited to whether the motion court's findings of fact and conclusions of law are clearly erroneous. *Gehrke v. State*, 280 S.W.3d 54, 56 (Mo. banc 2009). "A motion court's findings and conclusions are clearly erroneous only if the [reviewing court], after reviewing the entire record, is left with the definite and firm impression that a mistake has been made." *Id.* at 56-57.

Here, the motion court's orders contain no findings of fact or conclusions of law beyond the statement that the motion court has no "jurisdiction to address [Nash's] claim regarding the validity of the dismissal of the underlying action[s]." "As a general rule, we are unable to provide meaningful review of an order denying post-conviction relief without findings of fact and conclusions of law, requiring reversal of the judgment and remand for the entry of findings and conclusions." *Johnson v. State*, 470 S.W.3d 1, 4 (Mo. App. W.D. 2015). However, Missouri courts have recognized at least six exceptions to the general rule. *Id.* Those exceptions include circumstances in which: (1) the only issue before the court is one of law so that findings of fact are not necessary, and conclusions of law were

6

made by the motion court; (2) an evidentiary hearing produced no substantial evidence to support the allegation in the post-conviction motion, and the motion court made no findings of fact; (3) the motion court failed to make a conclusion of law on an isolated issue, but it is clear that the movant is entitled to no relief as a matter of law and will suffer no prejudice if remand is denied; (4) issues were not properly raised or are not cognizable in a post-conviction motion; (5) the motion itself was insufficient; and (6) the movant failed to file a Rule 78.07(c) motion to amend the order, drawing the motion court's attention to the absence of findings of fact, conclusions of law, or both. *Id.* at 4-5.

The fifth exception is applicable. Rule 29.15(l) provides that the motion "court shall not entertain successive motions" for post-conviction relief. Nash's 2011 motions asserted two bases for re-opening his 1985 Rule 27.26 cases: (1) Nash's dismissal of his Rule 27.26 motions with prejudice was invalid because the dismissal was not knowing and voluntary; and (2) Nash was abandoned by post-conviction counsel for failure to amend Nash's *pro se* motion in Case Number CV85-1458. Whether Nash's dismissal of his Rule 27.26 motions, and resulting waiver of his post-conviction claims, was knowing and voluntary was the subject of the Rule 29.15 motion that Nash filed in 1988. The issue was litigated in 1988 with the motion court ultimately dismissing Nash's Rule 29.15 motion as successive, a decision that we affirmed on appeal. *See Nash v. State*, 782 S.W.2d 693 (Mo. App. W.D. 1989).

Further, although Nash uses the word "abandonment" for the first time in his 2011 motions to reopen his Rule 27.26 cases and asserts that his post-conviction counsel should have amended his Rule 27.26 motion in Case Number CV85-1458, the substance of Nash's

argument rehashes the same argument he sets forth to challenge the dismissal of his Rule 27.26 motions. Nowhere in his 2011 motions to reopen his Rule 27.26 cases does Nash assert how his post-conviction counsel should have amended his Rule 27.26 motion in Case Number CV85-1458. Instead, Nash claims that his post-conviction counsel incorrectly advised Nash that, if he signed the voluntary dismissal, he would be able to amend his Rule 27.26 motions and would not lose his ability to assert claims for post-conviction relief. This argument is yet another request that the motion court revisit the voluntary dismissals of his Rule 27.26 motions so as to unwind what was otherwise voluntarily dismissed.

Because Nash's 2011 motions asserted the same argument as the Rule 29.15 motion he filed in 1988, the 2011 motions to reopen his Rule 27.26 cases were successive. As such, pursuant to Rule 29.15(l), the motion court had no authority to consider the 2011 motions and properly dismissed them without issuing findings of fact and conclusions of law. *Johnson*, 470 S.W.3d at 5. The motion court did not commit error.

Accordingly, Nash's third and fourth points on appeal are denied, and we need not reach his first and second points on appeal because those points concern the merits of Nash's 2011 motions.[5]

## Conclusion

---

[5]We also deny Nash's motion to stay the appeal and remand the case to the circuit court for an evidentiary hearing and further proceedings. Nash argues remand is necessary so that an evidentiary hearing can be held to determine the validity of his voluntary dismissals of Case Number CV85-1458 and Case Number CV85-3649. Because Nash's claim as to the validity of his voluntary dismissals is successive, the trial court has no authority to hold an evidentiary hearing, and we must deny the motion.

We affirm the motion court's denial of Nash's motion to reopen both of his Rule 27.26 post-conviction cases.

_Cynthia L. Martin_
Cynthia L. Martin, Judge

All concur