

# In the
# Missouri Court of Appeals
## Western District

| | |
|---|---|
| OTIS CORNELIOUS, | ) |
| | ) |
| Appellant, | )    WD79204 |
| | ) |
| v. | )    OPINION FILED: February 7, 2017 |
| | ) |
| STATE OF MISSOURI, | ) |
| | ) |
| Respondent. | ) |

**Appeal from the Circuit Court of Jackson County, Missouri**
The Honorable Jack R. Grate, Judge

Before Special Division: Cynthia L. Martin, Presiding Judge, James E. Welsh, Judge and
Gary D. Witt, Judge

Otis Cornelious ("Cornelious") appeals from the denial of a motion for post-conviction relief claiming abandonment of counsel. Cornelious argues that the motion court clearly erred because he was abandoned when retained post-conviction counsel failed to file an amended Rule 29.15 motion, and because retained post-conviction counsel, having served as movant's counsel on direct appeal, had a conflict of interest that impaired the assertion of claims of ineffective assistance of appellate counsel. Because the abandonment doctrine does not extend to retained post-conviction counsel, we affirm.

## Factual and Procedural History

A jury convicted Cornelious of first-degree murder and armed criminal action on September 29, 2005. Cornelious retained counsel to represent him on direct appeal ("Retained Counsel"). We affirmed the convictions in *State v. Cornelious*, 258 S.W.3d 461 (Mo. App. W.D. 2008).

Cornelious used Retained Counsel to pursue post-conviction relief pursuant to Rule 29.15. Retained Counsel filed a timely Rule 29.15 motion and accompanying memorandum (collectively "Rule 29.15 Motion") which alleged that Cornelious received ineffective assistance of counsel because trial counsel failed to object timely to comments regarding Cornelious's post-arrest silence and neglected to investigate fingerprint evidence. Retained Counsel did not file an amended motion asserting new claims beyond those asserted in the Rule 29.15 Motion. Following a hearing, the motion court denied Cornelious's Rule 29.15 Motion. We affirmed in *Cornelious v. State*, 351 S.W.3d 36 (Mo. App. W.D. 2011).

Cornelious filed a motion for post-conviction relief due to abandonment ("Abandonment Motion") on July 11, 2014. The Abandonment Motion alleged that Cornelious was abandoned during his Rule 29.15 post-conviction proceedings because Retained Counsel failed to file an amended motion as required by Rule 29.15(e), and because Retained Counsel had a conflict of interest having represented Cornelious on direct appeal. Following a hearing, the motion court denied the Abandonment Motion on its merits.

Cornelious appeals.

2

## Standard of Review

Our review of a motion court's denial of a motion to reopen a post-conviction case due to abandonment by post-conviction counsel is limited to determining whether the motion court's findings of fact and conclusions of law are clearly erroneous. *Gehrke v. State*, 280 S.W.3d 54, 56 (Mo. banc 2009). "A motion court's findings and conclusions are clearly erroneous only if the Court, after reviewing the entire record, is left with the definite and firm impression that a mistake has been made." *Id.* at 56-57.

It is also our duty, however, to enforce post-conviction rules as they are written. "'[T]he rules of court are binding on courts, litigants, and counsel, and it is the court's duty to enforce them.'" *Dorris v. State*, 360 S.W.3d 260, 268 (Mo. banc 2012) (quoting *Sitelines, LLC v. Pentstar Corp.*, 213 S.W.3d 703, 707 (Mo. App. E.D. 2007)). The State cannot waive noncompliance with the strict and mandatory provisions of post-conviction rules. *See, e.g.*, *id.* (holding that "[t]he State cannot waive . . . the time limits in Rules 29.15 and 24.035" even if the issue is not raised in the motion court). Thus, if a movant is barred as a matter of law from recovery pursuant to the plain language of Rule 29.15 or Rule 24.035, then it is our duty to enforce the rules and to deny the movant relief, even though the basis for doing so was not raised by the State before the motion court, and even though the motion court did not address the issue. *See, e.g.*, *Rinehart v. State*, No. WD78708, 2016 WL 6440421, at *1 (Mo. App. W.D. Nov. 1, 2016) (holding that an appellate court is bound to deny movant's post-conviction relief if the motion was untimely even though the State did not raise the issue in the motion court, and the motion court did not address the issue).

3

**Analysis**

Cornelious asserts two points on appeal. In his first point, Cornelious argues that he was abandoned because Retained Counsel did not file an amended Rule 29.15 motion asserting additional claims of ineffective assistance of counsel beyond those asserted in the Rule 29.15 Motion, in violation of Rule 29.15(e) and (g).[1] In his second point, Cornelious argues that he was abandoned because Retained Counsel had an actual conflict of interest having represented him on direct appeal. Cornelious's points on appeal presume that the abandonment doctrine applies to retained counsel. The State argues that Cornelious's points on appeal are without merit because the abandonment doctrine does not apply to retained counsel in post-conviction proceedings. This is an issue of first impression in the Western District.[2]

The motion court did not address whether the abandonment doctrine applies to retained counsel in post-conviction proceedings. Rather, the motion court evaluated the merits of the Abandonment Motion presuming application of the abandonment doctrine to retained counsel, and denied the motion on its merits. We are bound, however, to first determine whether Cornelious's Abandonment Motion asserts a cognizable claim.

---

[1] Retained Counsel filed amended memoranda in support of the Rule 29.15 Motion, asserting additional facts and circumstances in support of the two claims asserted in the Rule 29.15 Motion, a fact Cornelious concedes. Cornelious's complaint is not that Retained Counsel filed nothing by way of an amended motion, but instead, that no additional claims were filed by way of amended motion, including claims that would implicate the effective assistance of appellate counsel.

[2] The Eastern District considered this very issue in *Gittemeier v. State*, No. ED103189, 2016 WL 5107095 (Mo. App. E.D. Sept. 20, 2016), and concluded that the abandonment doctrine does not apply to retained counsel. *Id.* at **3-5. The Eastern District transferred *Gittemeier* to the Missouri Supreme Court on its own motion pursuant to Rule 83.02. The case was argued before the Supreme Court on January 12, 2017, but remains pending. *See Gittemeier v. State*, SC95953.

We conclude that it does not. Because the abandonment doctrine exists solely to protect the statutory right to counsel afforded to indigent movants by Rules 24.035(e) and 29.15(e), and because there is otherwise no constitutional or statutory right to counsel in post-conviction proceedings, the abandonment doctrine does not apply to redress the alleged failure of retained counsel to file, at all or timely, an amended motion in post-conviction proceedings.

**A**.

***There is no right to counsel in post-conviction proceedings except the right to counsel created by Supreme Court Rule for indigent movants***

While the Sixth Amendment provides that a criminal defendant has a right to the appointment of counsel when his or her liberty is at stake, both our Supreme Court and the federal courts have held that the Sixth Amendment right to counsel does not extend to post-conviction proceedings. *Barton v. State*, 486 S.W.3d 332, 336 (Mo. banc 2016). Post-conviction relief "is not part of the criminal proceeding itself, and it is in fact considered to be civil in nature." *Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987). Nor do the Fourteenth Amendment's Due Process or Equal Protection Clauses require a defendant, indigent or otherwise, to be appointed counsel in post-conviction proceedings. *Id.* (holding that if States elect to provide post-conviction relief, neither "the fundamental fairness mandated by the Due Process Clause" nor the equal protection guarantee "require that the State supply a lawyer"). Thus, "[s]tates have substantial discretion to develop and implement programs to aid prisoners seeking to secure postconviction review." *Id.* at 559.

5

This discretion extends to whether to afford movants with the right to assistance of counsel in post-conviction proceedings. *Smith v. State*, 887 S.W.2d 601, 602 (Mo. banc 1994).

"In 1988, [our Supreme Court] exercised this discretion by adopting Rule 29.15 as the single, unified procedure for inmates seeking post-conviction relief after trial." *Price v. State*, 422 S.W.3d 292, 296 (Mo. banc 2014); *see also* Rule 29.16 (setting forth additional procedural requirements in post-conviction proceedings when a Rule 29.15 motion is filed to set aside a death sentence); Rule 24.035 (setting forth the post-conviction procedure for those movants who plead guilty). The purpose of these rules is twofold -- "to 'adjudicate claims concerning the validity of the trial court's jurisdiction and the legality of the conviction or sentence'" while simultaneously "'avoiding delay in the processing of prisoners' claims and preventing the litigation of stale claims.'" *Price*, 422 S.W.3d at 296 (quoting *State ex rel. Nixon v. Daugherty*, 186 S.W.3d 253, 254 (Mo. banc 2006)). In other words, the rules seek to correct "'post-conviction claims that present a genuine injustice'" while "'bringing finality to the criminal process.'" *Id.* (quoting *White v. State*, 939 S.W.2d 887, 893 (Mo. banc 1997)).

In formulating post-conviction rules, the Supreme Court elected to create a *limited* right to counsel *for indigent movants*. *Id.* at 297. Rules 24.035 and 29.15 provide, in addressing "Pro Se Motion[s]," that "[w]hen *an indigent movant* files a pro se motion, the court shall cause counsel to be appointed for the movant." Rule 24.035(e); Rule 29.15(e) (emphasis added). These rules have "the force and effect of law." MO. CONST. art. V, section 5. Appointed counsel for indigent movants helps to ensure thorough review of post-conviction claims while limiting delay to the finality of the criminal conviction. *Price*,

6

422 S.W.3d at 297. However, both Rules 24.035(e) and 29.15(e) place the burden on an indigent movant to timely file a ***pro se initial motion***. In other words, an indigent post-conviction movant is not entitled to the assistance of counsel to timely initiate a Rule 24.035 or Rule 29.15 proceeding, and the burden to do so rests solely on the movant. *Price*, 422 S.W.3d at 297 ("Rule 29.15(e) . . . provides that counsel will be appointed for all indigent inmates if, but only after, the inmate files his initial motion.").

Beyond the limited right to counsel created by Rules 24.035(e) and 29.15(e) for indigent movants who timely file an initial motion, there is no right to the assistance of counsel in post-conviction proceedings. Plainly, the limited right to counsel created by Rules 24.035(e) and 29.15(e) does not extend to non-indigent post-conviction movants.

**B.**

***The abandonment doctrine was created to protect the right to counsel afforded by Rules 24.035(e) and 29.15(e), and in the absence of a right to counsel pursuant to those Rules, the abandonment doctrine has no application***

"The lack of any constitutional right to counsel in post-conviction proceedings . . . precludes claims based on the diligence or competence of post-conviction counsel (appointed or retained), and such claims are 'categorically unreviewable.'" *Price*, 422 S.W.3d at 297 (quoting *Eastburn v. State*, 400 S.W.3d 770, 774 (Mo. banc 2013)). Here, it is beyond dispute that Cornelious's complaints involve the diligence or competence of Retained Counsel. The claims are thus "categorically unreviewable," barring an applicable exception to this foundational principle of post-conviction review.

As noted, Rules 24.025(e) and 29.15(e) reflect our Supreme Court's policy to provide appointed counsel to indigent post-conviction movants who have otherwise timely

7

filed a post-conviction motion. *Id.* "With two such important policies (i.e., the Court's decision to provide counsel for all indigent inmates and the Court's steadfast refusal to acknowledge claims based on ineffectiveness of post-conviction counsel), a collision was bound to occur." *Id.* "*Luleff* and *Sanders* mark the Court's resolution of that conflict." *Id.* In *Luleff v. State*, 807 S.W.2d 495 (Mo. banc 1991), and *Sanders v. State*, 807 S.W.2d 493 (Mo. banc 1991), our Supreme Court created the abandonment doctrine. The parameters of the abandonment doctrine have since been the topic of considerable debate, though *Price* went to great lengths to clarify the limited reach of the doctrine.

In *Luleff*, appointed counsel for an indigent post-conviction movant took no action. 807 S.W.2d at 496. This violated Rule 29.15(e) which requires "counsel [appointed under Rule 29.15(e)] to investigate the claims raised in the inmate's timely initial motion and then file either an amended motion or a statement explaining why no amended motion is needed." *Price*, 422 S.W.3d at 297. After the motion court denied the indigent movant's pro se motion, the movant appealed, arguing that his appointed counsel wholly failed to act on his behalf and requesting that the case be remanded for new appointed counsel to "provide the 'minimal level of assistance contemplated by the postconviction rules.'" *Luleff*, 807 S.W.2d at 496-97. The Court in *Luleff* agreed, and found "that 'a complete absence of performance' by appointed counsel is tantamount to a failure of the motion court to appoint counsel under Rule 29.15(e) in the first instance." *Price*, 422 S.W.3d at 298 (quoting *Luleff*, 807 S.W.2d at 498). "*Luleff* holds that the only way to restore the motion court and parties to the position Rule 29.15(e) intends for them is for the motion court to

8

appoint new counsel and allow additional time for this counsel to perform the duties required by Rule 29.15(e)." *Id.* (interpreting *Luleff*, 807 S.W.3d at 497-98).

Similarly, in *Sanders*, decided the same day as *Luleff*, appointed counsel did not fail to perform, as he filed an amended motion on behalf of the indigent movant. 807 S.W.2d at 494-95. However, "appointed counsel . . . failed to file the amended motion in a timely manner."[3] *Price*, 422 S.W.3d at 298 (citing *Sanders*, 807 S.W.2d at 494-95). *Sanders* held "that the purposes of Rule 29.15(e) are frustrated as much by appointed counsel's failure to follow through with a timely amendment as by the 'complete absence of performance' in *Luleff*." *Id.* (citing and interpreting *Sanders*, 807 S.W.2d at 494-95). If the failure to file a timely amended motion is a result of inattention of appointed counsel, then an indigent movant shall be permitted to file an amended motion out of time *so as to restore the intended effect of Rule 29.15*. *Sanders*, 870 S.W.2d at 495.

Plainly, "the rationale behind the creation of the abandonment doctrine . . . was not a newfound willingness to police the performance of postconviction counsel generally." *Price*, 422 S.W.3d at 298. "Instead, the doctrine was created to further the Court's insistence that Rule 29.15(e) be made to work as intended." *Id.* "Rule 29.15(e) requires the motion court to appoint counsel to perform certain tasks and, under *Luleff* and *Sanders*, counsel's complete failure to do so leaves everyone (including the appellate courts) in the same practical position as if the motion court had failed to make the appointment at all." *Id.* at 303. As the abandonment doctrine was designed only to protect the rights afforded

---

[3]The timeliness of amended motions is now addressed by Rules 24.035(g) and 29.15(g). At the time of *Luleff* and *Sanders*, that subject was addressed by Rules 24.035(f) and 29.15(f).

by Rules 24.035(e) and 29.15(e), *Price* held that "**[*e*]xtensions of this doctrine that do not serve this same rationale must not be indulged**." *Id.* at 298 (emphasis added).

> [T]he abandonment doctrine adopted in *Luleff* and *Sanders* was not a wholesale repudiation of [the practice not to permit postconviction proceedings to be used to challenge the effectiveness of postconviction counsel]. Instead, the Court adopted an exception purposely limited both in its rationale (i.e., to enforce the requirements and ensure the benefits of Rule 29.15(e)) and in its application (i.e., to amended motions filed by appointed counsel).

*Id.*

Cornelious's points on appeal argue that he was abandoned because Retained Counsel did not file an amended motion to assert claims beyond those asserted in the initial Rule 29.15 Motion, and could not have adequately done so as Retained Counsel had a conflict of interest. The essential premise of Cornelious's request is that the abandonment doctrine's rationale--to ensure that Rule 29.15(e) is made to work as intended--will be served by extension of the doctrine to Retained Counsel. *Price*, 422 S.W.3d at 298. We disagree.

Rule 29.15(e) does not impose duties or obligations on retained counsel. After the first sentence of Rules 24.035(e) and 29.15(e), which directs that a court "shall cause counsel to be appointed" for an indigent movant who has filed a pro se motion, Rules 24.035(e) and 29.15(e) continue to describe appointed counsel's obligations:

> Counsel shall ascertain whether sufficient facts supporting the claims are asserted in the [pro se] motion and whether the movant has included all claims known to the movant as a basis for attacking the judgment and sentence. If the [pro se] motion does not assert sufficient facts or include all claims known to the movant, counsel shall file an amended motion that sufficiently alleges the additional facts and claims. If counsel determines that no amended motion shall be filed, counsel shall file a statement setting

> out facts demonstrating what actions were taken to ensure that (1) all facts supporting the claims are asserted in the pro se motion and (2) all claims known to the movant are alleged in the pro se motion. The statement shall be presented to the movant prior to filing. The movant may file a reply to the statement not later than ten days after the statement is filed.

This language applies *only* to describe the obligations imposed on appointed counsel. *Price*, 422 S.W.3d at 303 (holding that "Rule 29.15(e) deals only with appointed counsel and amended motions"). Rules 24.035(e) and 29.15(e) create no right to counsel for non-indigent movants, and impose no duty on retained counsel to either file an amended motion or to file a statement explaining why an amended motion need not be filed.[4] As the abandonment doctrine seeks only to enforce Rules 24.035(e) and 29.15(e), it follows that a movant cannot claim abandonment based on the actions or inactions of retained counsel when neither Rule imposes a duty on retained counsel.

On two occasions, our Supreme Court similarly relied on the plain language of Rules 24.035(e) and 29.15(e) to refuse to extend the abandonment doctrine beyond the subject of those Rules--amended post-conviction motions. In *Bullard v. State*, our Supreme Court refused to extend the abandonment doctrine to an untimely initial motion. 853 S.W.2d 921, 922-23 (Mo. banc 1993). Instead, a claim that counsel failed to timely file an initial motion is not abandonment and is instead an impermissible claim of ineffective

---

[4]Rules 24.035(g) and 29.15(g), which address *when* an amended motion must be filed *if* one is filed, apply by their plain terms regardless to any amended motion, whether filed by a movant, appointed counsel, or retained counsel. However, Rules 24.035(g) and 29.15(g) do not address *whether* an amended motion must be filed, or the process required to determine *whether* an amended motion should be filed. Rules 24.035(e) and 29.15(e) address these subjects, and apply *only* where counsel is appointed for indigent pro se movants. Thus, the untimely filing of an amended motion supports a claim of abandonment, but only with respect to appointed counsel because, as noted in *Sanders*, the untimely filing of an amended motion by appointed counsel effectively deprives indigent movants of the assistance of counsel afforded by Rule 24.035(e) and Rule 29.15(e). 870 S.W.2d at 495 (holding that failing to file an amended motion in a timely manner is indistinguishable from a complete absence of performance as required of appointed counsel pursuant to Rule 29.15(e)).

11

assistance of post-conviction counsel. *Price*, 422 S.W.3d at 300 (citing *Bullard*, 853 S.W.2d at 922-23).

The same result was reached in *Price*, where the Court was asked to extend the abandonment doctrine to the tardy filing of an initial motion. *Id.* at 295. The *Price* Court held that the abandonment doctrine is limited to amended motions (the subject of Rule 29.15(e)) because the doctrine "was created to further the Court's insistence that Rule 29.15(e) be made to work as intended" by "excus[ing] the untimely filing of amended motions by appointed counsel." *Id.* at 298, 297 (emphasis omitted).

Though *Price* and *Bullard* were not asked to determine whether the abandonment doctrine extends to address the performance of retained counsel, the rationale both cases employed to refuse to extend the abandonment doctrine beyond amended motions is nonetheless instructive, if not controlling. As *Price* noted, "[t]he Court's wariness in *Bullard* of ineffective assistance claims masquerading as abandonment claims is justified." 422 S.W.3d at 300. "'Claims of abandonment [must be] reviewed carefully to ensure that the true claim is abandonment and not a substitute for an impermissible claim of ineffective assistance of post-conviction counsel.'" *Id.* (quoting *Taylor v. State*, 254 S.W.3d 856, 858 (Mo. banc 2008)).

> *Bullard* notes that, **when properly confined to the filing of amended motions by appointed counsel**, the abandonment doctrine survives such scrutiny because it seeks only to enforce Rule 29.15(e), and does not purport to supervise the quality of representation that an inmate receives--but has no constitutional right to receive--during post-conviction proceedings.

12

*Id.* (emphasis added).[5]    *Bullard* and *Price* both found that this line was crossed by a movant's claim that counsel failed to timely file an ***initial*** post-conviction motion, as Rule 29.15(e) affords a movant no right to the assistance of counsel to file an initial post-conviction motion.  The line is similarly crossed by a movant's claim that ***retained*** counsel failed to file an amended motion, as Rule 29.15(e) applies only to counsel appointed for indigent movants.

*Bullard* and *Price* "refuse[d] to extend the abandonment doctrine--created solely to enforce the provisions of Rule 29.15(e) regarding appointed counsel and amended motions" to late-filed initial motions.  *Price*, 422 S.W.3d at 301.  We similarly refuse to extend the abandonment doctrine to address the performance of retained counsel in post-conviction proceedings as such claims do not implicate the provisions of Rule 24.035(e) or 29.15(e) as a matter of law.  Post-conviction movants have no right to the assistance of counsel unless indigent.  And though they may elect to retain counsel to represent their interests, "by doing so, [non-indigent movants] [take] the same risk that every other civil litigant takes when retaining counsel, i.e., [they choose] to substitute counsel's performance for [their] own and [bind themselves] to the former as though it were the latter."  *Id.* at 302.

---

[5]The dissenting opinion in *Price* disagreed with the majority's conclusion that the abandonment doctrine does not extend to late-filed initial post-conviction motions.  *Price*, 422 S.W.3d at 308 (Stith, J., dissenting).  However, the basis for the dissent's disagreement centers on interpretation of the Court's holding in *McFadden v. State*, 256 S.W.3d 103 (Mo. banc 2008), and not on construction of Rule 29.15(e).  *Id.*  In *McFadden*, post-conviction relief was afforded where appointed ***trial*** counsel told a movant to send his initial motion to her for filing, then failed to timely file the motion.  256 S.W.3d at 109.  The majority in *Price* held that *McFadden* "is an application of the active interference exception, not an expansion of the abandonment doctrine beyond the carefully circumscribed environs of *Luleff* and *Sanders*."  422 S.W.3d at 303.  The dissent argued that the rationale in *McFadden* had been based on the abandonment doctrine.  *Id.* at 308-12.  The dissent in *Price* did not address the plain language of Rule 29.15(e), and thus did not address whether Rule 29.15(e) is limited in its scope to the filing of amended motions by appointed counsel.

13

We therefore conclude that the performance of Retained Counsel, even if deficient (a determination we do not make here), "[did] not violate [Cornelious's] constitutional rights and [is] not tantamount to a violation of the motion court's obligations under Rule 29.15(e)." *Id.* Thus, the abandonment doctrine has no application to retained counsel in post-conviction proceedings, and Cornelious's Abandonment Motion is not cognizable.

Points One and Two on appeal are denied.[6]

## Conclusion

We affirm the trial court's judgment denying the Abandonment Motion.

_____

Cynthia L. Martin, Judge

All concur

---

[6] Cornelious's Point Two is also without merit because his claim that Retained Counsel had a conflict of interest is at best invited error as Cornelious chose the same counsel to represent him in his post-conviction proceedings as represented him on appeal. *See Jennings v. State*, 406 S.W.3d 52, 59 (Mo. App. S.D. 2013).

14