In the Missouri Court of Appeals
 Eastern District
 DIVISION ONE

 KEVIN D. POSCH, ) No. ED108722
 )
 Appellant, ) Appeal from the Circuit Court of
 ) Cape Girardeau County
 vs. )
 ) Honorable Benjamin F. Lewis
 STATE OF MISSOURI, )
 )
 Respondent. ) Filed: February 16, 2021

 Kevin D. Posch (“Movant”) appeals the motion court’s denial of his post-conviction

relief (“PCR”) motion claiming that his previously-adjudicated Rule 24.035 case should be re-

opened because he was abandoned by his appointed post-conviction counsel during those

previous post-conviction proceedings.1 Movant raises two points on appeal. In his first point,

Movant argues that the motion court clearly erred in denying his PCR motion to re-open his Rule

24.035 case without an evidentiary hearing because he alleged facts demonstrating that he was

abandoned by his post-conviction counsel and that the record shows he was deprived meaningful

review of his PCR claims. Specifically, Movant claims that his appointed post-conviction

counsel abandoned him by filing a motion to rescind her appointment as his counsel based upon

Movant not being indigent instead of filing an amended Rule 24.035 motion or statement in lieu

of an amended motion. And in his second point, Movant asserts that the motion court clearly

1
 All references are to Missouri Supreme Court Rules (2015).
erred in denying his motion to amend the court’s order denying Movant’s PCR motion to re-open

his Rule 24.035 case because Movant’s “motion to re-open” was a PCR motion alleging

abandonment. Movant further contends that this required the motion court to make findings of

fact and conclusions of law on all issues and create a sufficient record for this Court to determine

whether the motion court’s denial was clearly erroneous.

 Finding that the motion court did not clearly err in denying Movant’s PCR motion to re-

open his Rule 24.035 proceedings, we affirm the judgment of the motion court.

 I. Factual and Procedural Background

 On or about March 24, 2015, Movant pleaded guilty to one count of first-degree

endangering the welfare of a child. Movant was thereafter sentenced to seven years’

imprisonment with the execution of that sentence suspended and Movant was ordered to undergo

120 days of institutional treatment before being placed on probation for a term of five years.

Movant was delivered to the Missouri Department of Corrections for his institutional treatment

on May 12, 2015, and timely filed his pro se Rule 24.035 motion on November 6, 2015.2 The

motion court shortly thereafter appointed the Eastern Appellate Division of the Missouri Public

Defender office to represent Movant as his post-conviction counsel, and the appointed public

defender entered her appearance on December 8, 2015. Movant’s appointed post-conviction

counsel filed her motion to rescind appointment and request for hearing on January 22, 2016. In

her motion, post-conviction counsel requested that the motion court rescind her appointment and

allow her to withdraw because Movant’s indigency application indicated that there were

“income, assets, and other financial resources available to Movant through which Movant could

obtain private counsel to represent him in this matter.” Post-conviction counsel further noted that

2
 Movant completed his 120 days of institutional treatment and was not incarcerated for the pendency of his initial
PCR proceedings.

 2
Movant was currently represented by private counsel in another matter before the Supreme Court

of Missouri, which also supported the conclusion that Movant had the means to obtain private

counsel and was not indigent such that appointment of a Public Defender was improper.3

 With Movant appearing in person and by counsel, the motion court held a hearing on

post-conviction counsel’s motion to rescind appointment on March 7, 2016, and that same day,

granted the motion without objection. The motion court’s docket entry for that same date further

noted “[Movant] to obtain counsel.” Instead of obtaining counsel, Movant proceeded with his

PCR claims pro se and timely filed his amended Rule 24.035 motion on May 16, 2016. 4 On

October 26, 2016, the motion court denied Movant’s amended Rule 24.035 motion without an

evidentiary hearing, finding that Movant’s claims of ineffective assistance by his plea counsel

were directly refuted by the record of Movant’s plea proceedings. On August 18, 2019, Movant

admitted to violating the terms of his probation when he committed a new criminal offense;

Movant’s probation was consequently revoked and his seven-year sentence of imprisonment was

executed.

 On September 30, 2019, Movant filed his “Motion to Re-Open Rule 24.035 Proceeding,”

in which he alleged that he had been abandoned by his post-conviction counsel. Specifically,

Movant asserted that his post-conviction counsel abandoned him by filing the motion to rescind

appointment and proceeding to withdraw instead of filing an amended Rule 24.035 motion on

Movant’s behalf and that such actions deprived Movant of meaningful review of his PCR claims.

The motion court denied Movant’s motion on October 18, 2019, and thereafter denied Movant’s

motion to amend the court’s October 18, 2019 order.

 This appeal follows.

3
 Movant’s appointed post-conviction counsel did not file an amended Rule 24.035 motion on Movant’s behalf.
4
 We note that Movant was a licensed attorney prior to his incarceration.

 3
 II. Standard of Review

 Review of a motion court’s order denying a motion alleging abandonment of counsel

during post-conviction proceedings is limited to a determination of whether the court’s order was

clearly erroneous.5 Williams v. State, 602 S.W.3d 275, 279 (Mo. App. E.D. 2020); Barton v.

State, 486 S.W.3d 332, 336 (Mo. banc 2016); Rule 24.035(k). A motion court commits clear

error “if, after a review of the entire record, we are left with the definite and firm impression that

a mistake has been made.” Williams, 602 S.W.3d at 279 (citing Price v. State, 422 S.W.3d 292,

294 (Mo. banc 2014)); see also Milner v. State, 551 S.W.3d 476, 479 (Mo. banc 2018).

 III. Discussion

 Movant asserts two points on appeal. In his first point, Movant argues that the motion

court clearly erred in denying his Rule 24.035 motion alleging abandonment without an

evidentiary hearing because Movant alleged facts showing that his appointed post-conviction

counsel abandoned him and that Movant was consequently deprived meaningful review of his

PCR claims. Specifically, Appellant contends that post-conviction counsel abandoned him by

filing her motion to rescind appointment and failing to file an amended Rule 24.035 motion or

statement in lieu of such motion. And in his second point, Movant asserts that the motion court

clearly erred in denying his motion to amend the court’s order denying his motion alleging

abandonment. Both of Movant’s points are unpersuasive.

 Unlike criminal defendants, who have a Sixth Amendment right to the appointment of

competent counsel, post-conviction movants have no such constitutional right. Barton, 486

S.W.3d at 336; Williams v. State, 494 S.W.3d 638, 641 (Mo. App. W.D. 2016). “However, the

Supreme Court of Missouri elected to create a limited right to counsel for indigent movants in

5
 While Movant characterizes his September 30, 2019 filing as a “motion to re-open,” “this nomenclature does not
exist in our rules”; such filings should instead be considered as requests for PCR. Eastburn v. State, 400 S.W.3d
770, 774 (Mo. banc 2013); see also Nash v. State, 504 S.W.3d 831, 834 (Mo. App. W.D. 2016).

 4
connection with Rule 24.035 or Rule 29.15 pro se motions.” Williams, 602 S.W.3d at 280; see

also Barton, 486 S.W.3d at 336. The statutory and rule-based right to counsel granted to

Missouri post-conviction movants is limited and is conditioned upon a movant being indigent.

Williams, 602 S.W.3d at 280; Barton, 486 S.W.3d at 336; Rule 24.035(e) (“Within 30 days after

an indigent movant files a pro se motion, the court shall cause counsel to be appointed for the

movant.”).

 While Rule 24.035 does not itself delineate when a post-conviction movant is indigent,

§ 600.086 (entitled “Eligibility for representation, rules to establish--indigency, how determined,

procedure, appeal--false statements, penalty--investigation authorized”) establishes when a

person is indigent such that he or she is eligible for representation by the Missouri Public

Defender office.6 See also Barton, 486 S.W.3d at 336; Williams, 602 S.W.3d at 280. First,

§ 600.086.1 states that a person is eligible for representation by the Missouri Public Defender

office:

 … when it appears from all the circumstances of the case including his ability to
 make bond, his income and the number of persons dependent on him for support
 that the person does not have the means at his disposal or available to him to
 obtain counsel in his behalf and is indigent as hereafter determined.

Section 600.086.3 then instructs that the indigency of a person seeking representation by the

Missouri Public Defender system shall be made by the appointed defender or anyone serving

under him or her at any stage of the proceedings, and further states that, “[u]pon motion by either

party, the court in which the case is pending shall have authority to determine whether the

services of the public defender may be utilized by the defendant.” Section 600.086.3 further

establishes that, “[u]pon the court[’]s finding that the defendant is not indigent, the public

defender shall no longer represent the defendant.” Section 600.086.6 thereafter states that “[t]he

6
 All references are to Mo. Rev. Stat. Cum. Supp. 2015.

 5
burden shall lie on the accused or the defendant to convince the defender or the court of his

eligibility to receive legal services, in any conference, hearing or question thereon.”

 In this case, the motion court correctly appointed post-conviction counsel to Movant after

he filed his pro se Rule 24.035 motion in which he asserted that he was indigent. See Randolph

v. State, 608 S.W.3d 785, 787 (Mo. App. E.D. 2020) (stating that “[t]he [Rule 24.035(e)]

requirement to appoint counsel for an indigent pro se movant is mandatory”); Bishop v. State,

566 S.W.3d 269, 271 (Mo. App. W.D. 2019) (“[I]ndigency should be liberally assessed when pro

se post-conviction motions are first filed.”). After she was appointed, Movant’s post-conviction

counsel properly determined that Movant was not indigent and filed her motion to rescind her

appointment, as specifically allowed by § 600.086.3. In that motion, Movant’s post-conviction

counsel stated that Movant’s indigency application “indicates income, assets, and other financial

resources available to Movant through which Movant could obtain private counsel to represent

him in this matter” and further noted that Movant was then currently represented by private

counsel in another matter before the Supreme Court of Missouri—indicating that Movant was

indeed financially capable of obtaining private counsel. The motion court then correctly

proceeded to hold a hearing on that motion and granted the rescission of post-conviction

counsel’s appointment because Movant was not indigent (as authorized by § 600.086.3), with the

the docket entry for that hearing noting “[Movant] to obtain counsel.” Movant did not object to

the motion court’s grant of that motion to rescind appointment, nor does he argue on appeal that

he provided proof of his indigency to the appointed public defender or to the motion court. See

§ 600.086.6 (“The burden shall lie on the accused or the defendant to convince the defender or

the court of his eligibility to receive legal services, in any conference, hearing or question

thereon.”). Nor did Movant appeal the motion court’s grant of his post-conviction counsel’s

 6
motion to rescind appointment or the denial of his initial Rule 24.035 motion. In the current

appeal, Movant contends that the motion court clearly erred in denying his subsequently-filed

Rule 24.035 motion claiming abandonment by his appointed post-conviction counsel.

 As Movant was properly determined to not be indigent by the appointed public defender

and motion court, the appointment of Movant’s post-conviction counsel was correctly rescinded.

See § 600.086.3 (stating that a person’s indigency shall be determined by the public defender at

any stage of the proceedings and that the public defender shall no longer represent said non-

eligible person upon the presiding court’s finding that he or she is not indigent). That rescission

was clearly consistent with Rule 24.035(e), which grants the limited right for the appointment of

counsel only to indigent post-conviction movants. See Williams, 602 S.W.3d at 280; Barton, 486

S.W.3d at 336; Cornelious v. State, 526 S.W.3d 161, 167 (Mo. App. W.D. 2017). As Movant

was properly determined to not be indigent, appointed post-conviction counsel had no duty to

comply with the requirements of Rule 24.035(e)—including the requirement that appointed

counsel file an amended PCR motion following appointment. See Williams, 602 S.W.3d at 280

(“We reiterate that the post-conviction rules created a limited right to appointed counsel for

indigent movants.”) (emphasis added).

 Consequently, because Movant was correctly determined to not be indigent such that he

was not entitled to appointment of counsel under § 600.086 and Rule 24.035, Movant cannot

effectively allege abandonment by post-conviction counsel to whose representation he was not

entitled. See Williams, 602 S.W.3d at 280; Barton, 486 S.W.3d at 336; Cornelious, 526 S.W.3d

at 167; see also Rule 24.035(e). The procedural facts of this case and Movant’s allegations

contained in his Rule 24.035 motion that underly this appeal logically do not fit into the fixed

categories of what may constitute abandonment that are premised upon counsel being appointed

 7
only to indigent post-conviction movants. See Barton, 486 S.W.3d at 336, 338 (stating that

appointed counsel may have abandoned an indigent post-conviction movant (1) when “post-

conviction counsel takes no action on movant’s behalf with respect to filing an amended motion”

or (2) when “post-conviction counsel is aware of the need to file an amended post-conviction

relief motion and fails to do so in a timely manner”); Milner, 551 S.W.3d at 479. “[T]he

abandonment doctrine arose out of the need to balance two important policies: ‘the Court’s

decision to provide counsel for all indigent inmates and the Court’s steadfast refusal to

acknowledge claims based on the ineffectiveness of post-conviction counsel.’” Gittemeier v.

State, 527 S.W.3d 64, 69 (Mo. banc 2017) (quoting Price, 422 S.W.3d at 297) (emphasis added).

Again, “Rules 24.035(e) and 29.15(e) create no right to counsel for non-indigent movants….”

Cornelious, 526 S.W.3d at 167. Thus, Movant’s assertions do not constitute abandonment

because, as a non-indigent post-conviction movant, Movant was not entitled to appointment of

counsel pursuant to Rule 24.035(e) such that he could be abandoned.

 Additionally, contrary to Movant’s contentions, he was not deprived meaningful review

of his PCR claims. Movant had ample opportunity to obtain private representation following the

rescission of his initial post-conviction counsel’s appointment, but instead chose to proceed pro

se. We are unpersuaded that Movant should now be allowed a second bite at the apple due to his

own choice to do so.

 Further, while Movant argues that his Rule 24.035 motion alleging abandonment required

the motion court “to, at a minimum, inquire into the issue of abandonment,” such an

abandonment inquiry is unnecessary here because we find that Movant’s allegations contained in

his motion would not constitute abandonment even if taken as true. See Gittemeier, 527 S.W.3d

at 71–72 (finding that an abandonment inquiry was unnecessary where the movant’s allegations

 8
did not constitute a cognizable abandonment claim). Likewise, the motion court was not required

to make findings of fact or conclusions of law on Movant’s Rule 24.035 motion alleging

abandonment because, as stated above, the motion did not raise any issue that was cognizable in

a post-conviction proceeding—one of several noted exceptions to the general rule that motion

courts must make findings of fact and conclusions of law in denying a PCR motion so that our

Court may provide meaningful review of that denial. See Nash v. State, 504 S.W.3d 831, 835

(Mo. App. W.D. 2016) (citing Johnson v. State, 470 S.W.3d 1, 4–5 (Mo. App. W.D. 2015)).

Therefore, as the facts alleged by Movant do not constitute abandonment because Movant was

correctly determined to be not indigent such that he was not entitled to appointment of counsel

under Rule 24.035(e), the motion court did not clearly err in denying his Rule 24.035 motion

alleging abandonment without an abandonment inquiry and without making findings of fact or

conclusions of law.

 Movant’s Points I and II are denied.

 IV. Conclusion

 For the foregoing reasons, we affirm the judgment of the motion court.

 _______________________________
 Kelly C. Broniec, Judge

Colleen Dolan, P.J. and
Robert M. Clayton III, J. concur.

 9