

*In the*
## MISSOURI COURT OF APPEALS
### WESTERN DISTRICT

| | | |
|---|---|---|
| DONALD NUSSBAUM, | ) | |
| | ) | |
| Appellant, | ) | **WD85400** |
| | ) | |
| v. | ) | **OPINION FILED:** |
| | ) | |
| STATE OF MISSOURI, | ) | **April 25, 2023** |
| | ) | |
| Respondent. | ) | |
| | ) | |

**Appeal from the Circuit Court of Jackson County, Missouri**
**Honorable Cory L. Atkins, Judge**

**Before Division Three: Janet Sutton, Presiding Judge,**
**Cynthia L. Martin, Judge and Edward R. Ardini, Jr., Judge**

Mr. Donald Nussbaum (Nussbaum) appeals from the Jackson County Circuit Court judgment denying,[1] without an evidentiary hearing, his amended Rule 24.035[2] motion for post-conviction relief seeking to set aside his guilty pleas in two separate cases, to forgery in the first case and first-degree robbery and armed criminal action in the second case. Nussbaum raises

---

[1] The language used in the court's judgment states that the amended motion was dismissed with prejudice. The eleven-page judgment's language makes clear that the motion court was in fact ruling on the amended motion and denying the same as it issued findings of fact and conclusions of law on the merits of Nussbaum's claims in his amended Rule 24.035 motion.

[2] All rule references are to Missouri Supreme Court Rules (2019).

two points on appeal. In his first point, Nussbaum claims that the motion court clearly erred in failing to conduct an independent abandonment inquiry after his amended motion was untimely filed. In his second point, Nussbaum claims that the motion court clearly erred in denying, without an evidentiary hearing, his claim that his sentencing counsel was ineffective for failing to investigate and call certain witnesses at his sentencing hearing. We reverse and remand for the motion court to conduct an independent inquiry into whether Nussbaum was abandoned by his counsel.

**Factual and Procedural Background**

In July 2014, in the first underlying criminal case, a grand jury indicted Nussbaum with one count of forgery, and in December 2015, Nussbaum pleaded guilty as charged. (The forgery case.) Nussbaum admitted that on November 28, 2012, he presented a check to Commerce Bank that belonged to Midwest ADP Restitution with the purpose to defraud. The court sentenced Nussbaum to three years in the Missouri Department of Corrections, suspended execution of the sentence, and placed Nussbaum on a three-year supervised probation term.

In May 2017, a grand jury indicted Nussbaum with first-degree robbery, armed criminal action, first-degree burglary, and first-degree kidnapping for events that occurred in late March 2017. (The robbery case.) Nussbaum committed these acts while on probation in the forgery case and a probation violation report was filed with the court in that case.

In mid-July 2019, in the robbery case, Nussbaum pleaded guilty to the first-degree robbery and armed criminal action counts pursuant to an agreement with the State that it would dismiss the first-degree burglary and first-degree kidnapping counts. As part of the plea agreement, the State also agreed to recommend a lid of eighteen years' concurrent imprisonment on the first-degree robbery and armed criminal action counts and that those run concurrent with the probation violation sentence once revoked. Nussbaum admitted that on March 29, 2017, he

2

"either acting alone or in concert with others," forcibly stole money and a firearm from the victim. Nussbaum also admitted that he or a co-participant threatened the victim with a handgun during the robbery. The court accepted Nussbaum's guilty plea to first-degree robbery and armed criminal action and ordered a sentencing assessment report.

On September 17, 2019, the court sentenced Nussbaum to eighteen years' imprisonment on the first-degree robbery count and eighteen years' imprisonment on the armed criminal action count, with those sentences to run concurrently, and to be served concurrently with the forgery case. The court also revoked Nussbaum's probation in the forgery case and ordered the execution of the previously imposed three-year sentence.

Nussbaum was delivered to the Missouri Department of Corrections on September 18, 2019. Nussbaum timely filed a single *pro se* Rule 24.035 motion on October 23, 2019, challenging his convictions and sentences in both the forgery and robbery cases. Post-conviction counsel[3] entered her appearance on Nussbaum's behalf on May 12, 2020. Counsel filed a request for a thirty-day extension to file an amended motion that same day. The motion court granted counsel's request for a first thirty-day extension on May 26, 2020, making the amended motion due "ninety (90) days from the date that the entire guilty plea and sentencing transcripts are filed." The transcript of Nussbaum's guilty plea and sentencing hearing in the robbery case was filed on June 12, 2020, and the transcript of Nussbaum's guilty plea and sentencing hearing

---

[3] The record indicates that Nussbaum's post-conviction counsel was a special public defender, presumably unretained, but is otherwise unclear regarding her appointment by the motion court. The abandonment doctrine is limited to appointed, unretained counsel. *Gittemeier v. State*, 527 S.W.3d 64, 71 (Mo. banc 2017); *Cornelious v. State*; 526 S.W.3d 161, 169 (Mo. App. W.D. 2017). The State does not argue the abandonment doctrine is inapplicable here because counsel was not appointed, and we do not consider the issue.

in the forgery case was filed on June 30, 2020.  Using the June 30, 2020, date, the amended motion would have been due by September 28, 2020.

On September 28, 2020, Nussbaum's counsel requested a second thirty-day extension to file an amended Rule 24.035 motion.  The motion court granted the requested extension on October 6, 2020.  Counsel filed the amended motion on October 28, 2020.  The amended motion raised two claims: one claim of ineffective assistance of counsel, for failing to call certain witnesses at Nussbaum's sentencing on the robbery case, and one claim alleging that the sentencing court did not have jurisdiction to revoke Nussbaum's probation and execute his previously imposed sentence in the forgery case because his probation term ended before the court revoked his probation and executed his sentence.  The State filed a response to Nussbaum's amended motion, and indicated in its response that Nussbaum's amended motion was timely filed.

On May 5, 2022, the motion court entered findings of fact, conclusions of law, and judgment denying the amended motion without an evidentiary hearing.  Without conducting an abandonment inquiry, the motion court concluded that the amended motion was timely filed. The motion court also concluded that Nussbaum failed to assert how the testimony of any of the witnesses would have aided in his defense and Nussbaum failed to establish a reasonable probability that he would have received a lesser sentence had they testified at his sentencing hearing.  The motion court also concluded that there was evidence to support the presumption that sentencing counsel's decision not to call the witnesses was based on trial strategy.  On Nussbaum's second claim, the motion court concluded that the claim failed because the court acted in a way that manifested its intent to revoke Nussbaum's probation before Nussbaum's

4

probation term expired, and that Nussbaum consented to continuing the matter past his probation term's expiration date.[4]

Nussbaum appeals.

## Standard of Review

Appellate review of a motion court's denial of a Rule 24.035 motion is limited to a determination of whether the motion court's findings and conclusions are clearly erroneous. Rule 24.035(k); *Latham v. State*, 554 S.W.3d 397, 401 (Mo. banc 2018). Findings of fact and conclusions of law are clearly erroneous only if, after reviewing the entire record, we are left with a definite and firm impression that a mistake has been made. *Latham*, 554 S.W.3d at 401.

## Timeliness of Amended Motion

Before reaching the merits of an appeal, we must first examine the timeliness of the amended motion for post-conviction relief. *Mack v. State*, 635 S.W.3d 607, 611 (Mo. App. W.D. 2021); *Earl v. State*, 628 S.W.3d 695, 699 (Mo. App. E.D. 2021). Nussbaum raises the amended motion's timeliness in his first point on appeal, contending that his amended motion was untimely filed. Both Nussbaum and the State agree that because the motion court did not grant Nussbaum an additional thirty days to file his amended motion until *after* the deadline for filing the amended motion had passed, the amended motion was untimely, and the cause must be remanded for an abandonment inquiry.[5] We agree.

---

[4] Although we do not reach the merits in this appeal due to the motion court's failure to conduct an abandonment inquiry, we note that on appeal Nussbaum does not assert error in the motion court's denial of this claim.

[5] Nussbaum notes in his brief that his amended motion may be untimely for other reasons. Nussbaum points out that he filed a single Rule 24.035 motion challenging his convictions in both the forgery and the robbery cases, and that the forgery case, if standing alone, would have been governed by a prior version of Rule 24.035 that only allowed for one thirty-day extension of time, and that did not authorize the motion court to grant two extensions of time. In the

"The time limits for filing a post-conviction motion are mandatory." *Stanley v. State*, 420 S.W.3d 532, 540 (Mo. banc 2014). When post-conviction counsel is appointed to an indigent movant, an amended motion seeking post-conviction relief that is filed beyond the deadline can constitute "abandonment" of the movant. *Moore v. State,* 458 S.W.3d 822, 825 (Mo. banc 2015);[6] *Harley v. State*, 633 S.W.3d 912, 916 (Mo. App. E.D. 2021). If an amended motion seeking relief is untimely, the motion court is required to conduct an independent inquiry into the reason for the untimeliness to determine if abandonment occurred before considering the merits of the claims and evidence in the amended motion. *Moore*, 458 S.W.3d at 825; *Mack*, 635 S.W.3d at 611; *Harley*, 633 S.W.3d at 916.

"The required inquiry into whether a late filed amended motion constitutes abandonment is not merely a technical exercise." *Sayre v. State*, 493 S.W.3d 33, 35 (Mo. App. W.D. 2016). "The issue of abandonment is important because abandonment by appointed counsel extends the time limitations for filing an amended motion seeking post-conviction relief." *Harley*, 633 S.W.3d at 916 (citing *Moore*, 458 S.W.3d at 825). "The result of the inquiry into abandonment determines which motion—the initial motion or the amended motion—the court should adjudicate." *Moore,* 458 S.W.3d at 826. If the court determines that the delay is due to

---

current appeal, Nussbaum is not raising a merits issue with regard to the forgery case so its timeliness alone would not affect the outcome.

We do not resolve this issue because we conclude that the amended motion was untimely due to the motion court not ruling on counsel's second extension request within the time frame the amended motion was due. However, we expect that *all* timeliness issues would be addressed and ruled upon as part of the motion court's abandonment inquiry on remand.

[6] Although *Moore v. State,* 458 S.W.3d 822 (Mo. banc 2015) involved a Rule 29.15 motion and not a Rule 24.035 motion, our analysis is unaffected because "the relevant portions of Rule 29.15 are identical to those of Rule 24.035, and 'case law interpreting a provision that is identical in both rules applies equally in proceedings under either rule.'" *Harley v. State*, 633 S.W.3d 912, 916 n.3 (quoting *Vogl v. State*, 437 S.W.3d 218, 224 n.7 (Mo. banc 2014)).

movant's negligence or a failure to act, then no abandonment by counsel has occurred and the motion court should not permit the filing of the amended motion and should proceed with adjudicating the initial *pro se* motion only; but on the other hand, if the motion court determines that the movant was abandoned by counsel's untimely filing of the amended motion, the court must permit the untimely filing. *Latham*, 554 S.W.3d at 405; *Moore*, 458 S.W.3d at 825-26; *Harley*, 633 S.W.3d at 918. "Upon review of the record, if we determine there has been no independent inquiry into abandonment or no record for us to review such inquiry, then we must reverse and remand for the motion court to conduct this inquiry." *Harley*, 633 S.W.3d at 917 (citation omitted).

The version of Rule 24.035 in effect when Nussbaum filed his post-conviction motion provided the following timeline, in relevant part, for filing amended motions for post-conviction relief after a guilty plea:

> If no appeal of the judgment sought to be vacated, set aside, or corrected is taken, the amended motion or statement in lieu of an amended motion shall be filed within 60 days of the earlier of the date both a complete transcript consisting of the guilty plea and sentencing hearing has been filed in the trial court and: (1) Counsel is appointed, or (2) An entry of appearance is filed by any counsel that is not appointed but enters an appearance on behalf of movant . . . .

Rule 24.035(g).[7]

Rule 24.035(g) further states that a motion court "may extend the time for filing the amended motion or statement in lieu of an amended motion, with no extension exceeding 30 days individually and the total of all extensions not to exceed 60 days." However, the motion

---

[7] The current version of Rule 24.035, effective November 4, 2021, increased the filing deadline for the amended motion from sixty days to 120 days from the earlier of the date both a complete transcript consisting of the guilty plea and sentencing hearing has been filed in the motion court and: (1) counsel is appointed, or (2) an entry of appearance is filed by any counsel who enters an appearance on behalf of a movant. No extensions are allowed. Rule 24.035(g).

court's discretion to grant a request for extension of time to file an amended post-conviction motion "is limited to an exercise of that discretion within the time period to file the amended motion." *Harley*, 633 S.W.3d at 917.

In this case, Nussbaum's amended motion was untimely because the motion court did not grant the requested extension within the initial filing deadline for the amended motion. Nussbaum's amended motion was originally due sixty days after the complete transcripts of his guilty plea and sentencing hearings were filed on June 30, 2020, but the motion court had granted counsel one thirty-day extension on May 26, 2020. *See* Rule 24.035(g). Therefore, Nussbaum's amended motion was due on or before September 28, 2020. *See* Rule 24.035(g). On September 28, 2020, the day the amended motion was due, counsel filed a second request for extension of time, requesting an additional thirty days to file the amended motion. But, the motion court did not grant counsel's request for a second extension of time until October 6, 2020, well *after* the amended motion's due date. The motion court lacked authority to grant this extension after the time limit for filing the amended motion had expired on September 28, 2020. *See Ransom v. State*, 635 S.W.3d 881, 885-86 (Mo. App. W.D. 2021) (concluding that in an appeal from a denial of a Rule 29.15 motion, a motion court lacked authority to grant a movant an extension to file an amended motion because the motion court did not rule on a motion for extension until after the time limit for filing the amended motion had expired). Therefore, like in *Ransom*, the motion court lacked the authority to grant the second extension, and the amended motion, filed after September 28, 2020, was untimely.

"The untimely filing of an amended motion for post-conviction relief raises a presumption of abandonment by counsel." *Harley*, 633 S.W.3d at 918 (citing *Latham*, 554 S.W.3d at 399). As we have said, when counsel files an untimely amended post-conviction

8

motion, the motion court must conduct an independent inquiry into the reasons for the untimely filing to determine whether counsel abandoned the movant. *See id.* "Specifically, the motion court must inquire into counsel's claims and the possibility that the movant's negligence or failure to act caused the untimely filing of the amended motion." *Id.*

Here, the amended motion was untimely since the second request for extension was not ruled on in time, and the motion court had a duty to undertake an independent inquiry into the reasons for the late filing and to make a sufficient record of that inquiry. Since the motion court did not do so, we must reverse and remand to the motion court. *Id*.

Nussbaum's first point on appeal is granted. Because it would be improper to address the underlying merits of the amended motion prior to a determination of whether Nussbaum was abandoned, we decline to address Nussbaum's second point on appeal.

### Conclusion

The motion court's judgment denying Nussbaum's amended motion is reversed and we remand this case to the motion court for an independent inquiry into whether Nussbaum was abandoned by his counsel and for further proceedings consistent with the outcome of the court's abandonment inquiry and this opinion.

_____
Janet Sutton, Presiding Judge

Cynthia L. Martin and Edward R. Ardini, Jr., Judges concur.